## 31883. McLANAHAN v. KEITH.

JORDAN, Justice.

Briefly, the facts of this case are as follows: Respondents brought suit against petitioners in Elbert County in October, 1973, seeking damages for trespass; respondents voluntarily dismissed that suit in September 1975, and without first paying all the accrued costs in that suit, refiled the suit in Fulton County the same day; three days before the expiration of the six month period for refiling allowed by Code Ann. § 3-808, respondents "suggested" to the trial court that, due to their failure to

pay the costs of the prior suit as required by Code Ann. § 81A-141 (d), the court lacked "jurisdiction" of the action and should dismiss the action "sua sponte" under the authority of Code Ann. § 81A-112 (h) (3); taking the suggestion, the court dismissed the action, without prejudice, and without giving the petitioners notice or an opportunity to be heard; the respondents then immediately paid the costs in both suits and again filed the suit, for the third time, in Fulton County.

On appeal brought by petitioners, the Court of Appeals affirmed (*McLanahan v. Keith,* 140 Ga. App. 171 (230 SE2d 57) (1976)), and we unanimously granted certiorari on the following question: "Whether the Court of Appeals erred in holding that failure to comply with Code Ann. § 81A-141 (d), when brought to the attention of the trial court by the plaintiff, authorizes the trial court, under Code Ann. § 81A-112 (h) (3), to dismiss the action without notice to the defendant?"

Code Ann. § 81A-112 (h) (3) provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks *jurisdiction of the subject matter,* the court shall dismiss the action." (Emphasis supplied.) The Court of Appeals held that the plaintiff's failure to comply with Code Ann. § 81A-141 (d) deprived the court of the "power to proceed." The statement quoted by the Court of Appeals from this court's opinion in *O'Kelley v. Alexander,* 225 Ga. 32, 33 (165 SE2d 648) (1969), to the effect that the failure to pay costs of a prior action was a "precondition requisite to the trial court's going forward with a determination of the merits. . .," is simply not applicable to this case. *O'Kelley* dealt with the effect of an involuntary dismissal under Code Ann. § 81A-141 (b) where the dismissal was due to failure to pay costs. Nothing in that opinion contradicts the long established rule that a defense of failure to pay costs is waived if not timely raised. See *Sparks Improvement Co. v. Jones,* 4 Ga. App. 61 (60 SE 910) (1908); *Crenshaw v. Crenshaw,* 198 Ga. 536 (32 SE2d 177) (1944). See also A. Shulman & W. Shulman, Georgia Practice and Procedure, § 8-10 at 142.

Subject matter jurisdiction has a unique attribute. It can *never* be waived. Failure to pay costs, lack of jurisdiction over the person, improper venue, and in-

sufficiency of process are all defenses available to a defendant which do not reach the merits. However *all* of these defenses are waived if not timely raised. Code Ann. § 81A-112 (h) (1).

Code Ann. § 81A-112 (h) (3) deals solely with the duty of the trial court to dismiss an action when it appears that subject-matter jurisdiction, a nonwaivable defect which would render any judgment in the action void, is absent. It does not authorize a trial court judge to enforce, over the objection of the defendant, a waivable defense held by that defendant. This was error. The question remains, was the error harmful? We think not.

It is clear that what the respondents were attempting to gain by effecting an involuntary dismissal was avoid the provision of Code Ann. § 3-808 which provides that: "this privilege of dismissal and renewal shall be exercised only once under this section." Respondents feared that a voluntary dismissal of their second suit would take them outside of the protection from the statute of limitation afforded by this Code section. On the other hand they where faced with the fact that the six-month grace period was about to expire, and they feared that immediately after its expiration they would face a motion to dismiss for failure to pay costs. They would then get their involuntary dismissal, but too late to refile within the grace period. At the heart of the respondent's plight, was the rule that the failure to pay costs in a previous action is fatal to the plaintiff's cause of action, if timely objection is raised. See *Wright v. Jeff,* 120 Ga. 995 (48 SE 345) (1904). Since the enactment of the Civil Practice Act in 1966, this court has not had the occasion to address the question of whether the "no cure" rule remains viable in light of the admonition, in Code Ann. § 81A-101, that the Act "shall be construed to secure the just, speedy, and inexpensive determination of every action." The Court of Appeals, in *Sparks v. Sparks,* 125 Ga. App. 198 (186 SE2d 780) (1971), did face this question and a divided court found the rule still in force. Three members of the court felt bound by the decisions of this court, rendered prior to the passage of our Civil Practice Act, but questioned the desirability of the rule.

By requiring a party to dismiss his present action, pay

the costs in that action and all previous actions, and then refile the same action again, the "no cure" rule places an unnecessary burden on our overcrowded trial courts; it delays the determination of an action on its merits; and it increases the expense, to both courts and litigants. It is not possible to construe Code Ann. § 81A-141 (d) so as to "secure the just, speedy, and inexpensive determination of every action" and find that the "no cure" rule is still viable. Therefore, the holding to this effect, in *Sparks v. Sparks,* supra, is disapproved and will not be followed. We believe that, upon timely objection by the defendant that the costs in a previous action have not been paid, the trial court may stay the proceedings in the pending action for a reasonable time to allow the plaintiff to pay the costs of the previous action. Upon payment of such costs, there is no reason why the pending action should not then be allowed to proceed to a determination of the case.

Because the "no cure" rule is no longer viable, there was nothing in the dismissal which could have harmed the petitioners. Had no dismissal been entered, respondents could have cured their failure to pay the costs if a timely objection was raised, and the petitioners would be facing the very same lawsuit as they are presently facing, on the same footing as regards the statute of limitation. The dismissal therefore, although error, was harmless and the judgment of the Court of Appeals must be affirmed.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., and Undercofler, P. J., who dissent.*

ARGUED MARCH 14, 1977 — DECIDED MAY 25, 1977.

*Grant, Smith & Shiver, Truett Smith,* for appellants.
*E. Phil Duderwicz, David W. Griffeth,* for appellee.