## 57727. BEECHER et al. v. DEPARTMENT OF TRANSPORTATION.

UNDERWOOD, Judge.

In *White v. Ga. Power Co.,* 237 Ga. 341 (227 SE2d 385) (1976), the Supreme Court held that the "just and adequate compensation" which the Constitution requires to be paid in eminent domain proceedings could properly include the condemnee's expenses of litigation and attorney fees. The court further set out a two-step procedure under which the fact finder would determine whether these items would or would not be awarded, and "if such a recommendation by the fact finder is made to the · trial judge, he shall then conduct a hearing, receive evidence as to the value of such recommended damages, and the trial judge himself shall then make a determination, based on the submitted evidence, of the amount of such recommended damages and award such amount to the condemnee as being part of 'just and adequate compensation' for the property taken." *White,* supra, 237 Ga. at 343.

Pursuant to this procedure the jury in this eminent domain proceeding returned a verdict which included a recommendation that the additional items be awarded; but unfortunately for condemnees *White* was overruled before the judge's final order. *DeKalb County v. Trustees, &c. Elks,* 242 Ga. 707 (251 SE2d 243) (1978). Subsequently the judge entered judgment denying recovery for these items, finding that no contract rights

would be violated by applying the *DeKalb County* ruling, and that condemnees' verdict for the additional items had not ripened into a "vested right" which could survive that ruling. Condemnees appeal, and we affirm.

Had judgment intervened between verdict and the decision in *DeKalb County* the claim for the additional items would have become a "vested right" and insulated from that ruling. *Dept. of Transp. v. Kendricks,* 150 Ga. App. 9 (1979); *Housing Authority v. Southern R. Co.,* 150 Ga. App. 4 (1979).

But since it did not, a different rule applies. "Until final judgment upon a pending action, the repeal of the statute which gives the right of action, or upon which the suit is predicated, destroys the right of action, and the action itself abates." *Fulton Bag & Cotton Mills v. Williams,* 212 Ga. 783 (3) (95 SE2d 848) (1956). "With apparently no adjudicated exceptions, it is the rule that until judgment is rendered a plaintiff has no vested right to punitive damages, and accordingly the right to such damages may be taken away by a statute taking effect even after a verdict but before judgment has been rendered thereon. 16 C. J. S. 677 (§ 254), and cit.; 12 C. J. 973 (§ 555), and cit." *Kelly v. Hall,* 191 Ga. 470, 472 (12 SE2d 881) (1941). We thus believe the rule in this jurisdiction to be the same as the general rule elsewhere: "The right to recover costs is usually held not a vested right until judgment is pronounced, and in the meantime a law may be passed changing the amount of costs recoverable or depriving a party of them entirely." 16 CJS 1272, Constitutional Law, § 273.

Since no vested rights are involved, we find no inhibition in applying the usual rule as to the overruling of a prior case: "[t]he general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it never was the law." *Mutual Life Ins. Co. v. Barron,* 70 Ga. App. 454, 463 (28 SE2d 334) (1943), affd. 198 Ga. 1 (30 SE2d 879) (1944). Accord, *Dehco, Inc. v. State Hwy. Dept.,* 147 Ga. App. 476 (249 SE2d 282) (1978).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED MAY 2, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 18, 1979 —

*Michael J. Gannam, J. H. Gnann, Jr.,* for appellants.
*Marda Purcell, Arthur K. Bolton, Attorney General,* for appellee.