## 38576. COUCH v. WALLACE.

CLARKE, Justice.

The trial court dismissed appellant's complaint seeking damages for trespass to land and an injunction resulting in this appeal. We affirm.

This action is the second suit dealing with the same subject matter. An earlier suit had been dismissed by operation of law in that no written order was taken within five years. Code Ann. § 81A-141 (e). A dismissal under this section is not on the merits, and the case may be refiled within six months of the automatic dismissal. *Allstate Ins. Co. v. Dobbs,* 134 Ga. App. 225 (213 SE2d 915) (1975).

The trial court found that the second suit was filed within six months of the automatic dismissal but held the second suit was a nullity in that costs were not paid in the first action.

A voluntary dismissal without prejudice may be filed under Code Ann. § 81A-141 (a). Code Ann. § 81A-141 (d) requires a plaintiff

---

[1] See also *Lewis v. State,* 161 Ga. App. 348 (288 SE2d 124) (1982); *State v. Lewis,* 249 Ga. 565 (1982).

who dismisses an action to pay court costs in that suit prior to refiling the same claim against the same party. Even though a voluntary dismissal may be without prejudice the payment of costs is a condition precedent to filing a second suit and if costs are not paid prior to filing then the second suit is not a valid pending action. *Perry v. Landmark Finance Corp.,* 141 Ga. App. 62 (232 SE2d 399) (1977).

We agree with the holding of the trial court that the refiling of a suit after automatic dismissal must also be preceded by payment of costs. There is language to the contrary in *City of Chamblee v. Village of N. Atlanta,* 217 Ga. 517 (123 SE2d 663) (1962), which was construing Code Ann. §§ 3-508 and 3-512. That case was prior to the adoption of the Civil Practice Act and no longer controls on this issue. We hold the correct interpretation of Code Ann. § 81A-141 requires the same prepayment of costs in actions dismissed under subsection (e) as is required in subsection (a) dismissals.

We find the remaining enumerations of error to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 22, 1982.

*Ware & Otonicar, Richard F. Otonicar,* for appellant.
*G. Robert Howard,* for appellee.