## 64344. WALKER et al. v. LITTLE.

CARLEY, Judge.

Appellants, Mr. and Mrs. Walker, originally filed suit against T. C. Little and Tony Marvin Little in the Superior Court of Cherokee County on May 14, 1979, seeking damages arising from an automobile collision which occurred on June 4, 1977. By consent of the parties, this suit was dismissed on January 8, 1980. The instant action was filed against appellee-Tony Marvin Little on April 8, 1980, in the Superior Court of Fulton County. On May 2, 1980, appellants paid the sum of $3.00 in costs which remained due in the original action filed in Cherokee County. On July 7, 1981 appellee moved for summary judgment on the ground that the action was barred by the two-year statute of limitation. Appellee's motion for summary judgment was granted. It is from this order that appellants appeal.

Appellee contended, and the trial court agreed, that since all the costs in the original suit in Cherokee County were not paid pursuant to Code Ann. § 81A-141 before the instant suit was filed in Fulton County, Code Ann. § 3-808, the renewal statute, did not toll the statute of limitation. See *Sosebee v. Steiner,* 128 Ga. App. 814 (198 SE2d 325) (1973). See also *Sparks v. Sparks,* 125 Ga. App. 198 (186 SE2d 780) (1971); *Wright v. Jett,* 120 Ga. 995 (48 SE 345) (1904).

Subsequent to these decisions, however, the Supreme Court of Georgia addressed the question of whether, after the passage of the Civil Practice Act, "the 'no cure' rule remains viable in light of the admonition, in Code Ann. § 81A-101, that the Act 'shall be construed to secure the just, speedy, and inexpensive determination of every action.' " *McLanahan v. Keith,* 239 Ga. 94, 96 (236 SE2d 52) (1977). The supreme court concluded that this "no cure" rule is inimical to the expressed purposes of the Civil Practice Act and, disapproving *Sparks,* held that "upon timely objection by the defendant that the costs in a previous action have not been paid, the trial court may stay the proceedings in the pending action for a reasonable time to allow the plaintiff to pay the costs of the previous action. Upon payment of such costs, there is no reason why the pending action should not then be allowed to proceed to a determination of the case." *McLanahan v. Keith,* 239 Ga. at 97, supra.

Under the rationale of the supreme court's holding in *McLanahan,* appellants' payment of the balance of the costs in the Cherokee County suit — although made after the filing of the instant case — satisfied appellants' obligation under Code Ann. § 81A-141

(d) to "pay the court costs of the action previously dismissed." Since the costs were paid by the appellants prior to any objection being raised by the appellee in his motion for summary judgment, there is no necessity for any stay of the proceedings and the appellants' action should be allowed to proceed to a determination of the merits of the case.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 25, 1982 —
REHEARING DENIED NOVEMBER 17, 1982 —

*Ralph E. Hughes,* for appellants.
*Paul J. Stalcup,* for appellee.