## 39451. LITTLE v. WALKER et al.

CLARKE, Justice.

Mr. and Mrs. Walker filed suit against T. C. and Tony Little seeking damages arising from a car accident which occurred June 4, 1977. The suit was dismissed by consent of the parties on January 8, 1980. The present action was filed April 8, 1980 against Tony Little. On May 2, 1980, the Walkers paid the costs which remained due in the original action. Little moved for summary judgment contending the action was barred by the statute of limitations. He argues that since all costs in the original suit were not paid prior to filing of the second suit in compliance with OCGA § 9-11-41 (Code Ann. § 81A-141), the renewal statute (OCGA § 9-2-61 (Code Ann. § 3-808)) did not toll the statute of limitations. The trial court granted the motion for summary judgment. The Court of Appeals reversed, applying this Court's holding in *McLanahan v. Keith,* 239 Ga. 94 (236 SE2d 52) (1977). *Walker v. Little,* 164 Ga. App. 423 (296 SE2d 636) (1982).

We granted certiorari to answer the question whether the

payment of costs in a previous action under OCGA § 9-11-41 (Code Ann. § 81A-141) is a condition precedent to filing a second suit, as indicated in *Couch v. Wallace,* 249 Ga. 568 (292 SE2d 405) (1982), or whether payment of costs in the prior suit may be made after the second suit is filed. We adhere to our rule in *Couch v. Wallace,* supra, and find that the payment of costs in the dismissed suit is a precondition to the filing of the second suit. *McLanahan v. Keith,* supra, is hereby overruled to the extent that it is in conflict with *Couch v. Wallace,* supra. We believe that this holding is required by the plain meaning of the words of the statute.

Because of the rule announced in *Couch v. Wallace,* supra, the judgment of the Court of Appeals must be reversed on two accounts. First, since the payment of costs is a precondition to the filing of a new suit, there is no viable action presently pending, making dismissal or summary judgment for defendant appropriate. Secondly, because of the failure of the Walkers to pay the costs of the first action, the statute of limitations was not tolled by OCGA § 9-2-61 (Code Ann. § 3-808). We adhere to our holding in *McLanahan v. Keith,* supra, that payment of costs in a previous suit is jurisdictional. Therefore, under OCGA § 9-11-41 (b) (Code Ann. § 81A-141), which deals with involuntary dismissal, a dismissal for failure to pay costs is one of the few involuntary dismissals which does not act as an adjudication on the merits. Consequently, if the § 9-11-41 (b) (Code Ann. § 81A-141) dismissal for payment of costs occurs within the period of the statute of limitations, the plaintiff having had one dismissal already, there is nothing to prevent the plaintiff from paying costs in *both* dismissed suits and filing a third so long as the first dismissal did not act as an adjudication on the merits.

*Judgment reversed. All the Justices concur, except Weltner, J., disqualified.*

DECIDED APRIL 19, 1983.

*Paul J. Stalcup,* for appellant.
*Ralph E. Hughes,* for appellees.

HILL, Chief Justice, concurring.

I join the majority opinion reluctantly. I do so because OCGA § 9-11-41 (d) (Code Ann. § 81A-141) provides: "If a plaintiff who has dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the plaintiff shall *first* pay the court costs of the action previously dismissed." (Emphasis supplied.)

I write because in my view OCGA § 9-2-61 (a) (Code Ann. §

3-808), on which the plaintiffs relied, is a trap for the unwary. It provides in pertinent part: "If a plaintiff discontinues or dismisses his case and recommences the same within six months, the renewed case shall stand upon the same footing, as to limitation, with the original case." This Code section makes no mention of paying costs. In the Code of 1982, there is no cross-reference under OCGA § 9-2-61 (Code Ann. § 3-808), which gives the right to refile, to OCGA § 9-11-41 (Code Ann. § 81A-141), which requires the payment of costs.

I hope that the General Assembly will remedy this situation, possibly by amending that sentence in OCGA § 9-2-61 (a) (Code Ann. § 3-808) quoted above so as to add the words "upon prepayment of costs in the original case as required by OCGA § 9-11-41 (d)."