40872. FOSTER v. BOWEN et al.
(315 SE2d 656)

MARSHALL, Presiding Justice.

The appellant-plaintiff brought suit against the appellees-defendants in the Harris Superior Court in May of 1977. In this suit, the appellant alleged breach of an agreement entered into in 1971, under which the plaintiff was to have received a 55% ownership interest in a nursing home in Waverly Hall, Georgia. The appellant sought damages and various forms of equitable relief.

On July 10, 1981, the appellant voluntarily dismissed that suit. The appellant refiled the suit in the Meriwether Superior Court on August 12, 1981, without first paying costs in the Harris Superior Court. On September 9, the appellees filed a motion to dismiss on the ground that the costs in the previous action had not been paid. On September 16, the appellant paid these costs. Subsequently, on November 3, 1983, a hearing was held on the appellees' motion to dismiss. The motion to dismiss was granted by order entered on December 21, 1983. This appeal follows.

In this appeal, the appellant's primary argument is that this court's decision in *McLanahan v. Keith*, 239 Ga. 94 (236 SE2d 52)

(1977), which abolished the "no cure" rule, should govern the present case. However, our later decision in *Little v. Walker*, 250 Ga. 854 (301 SE2d 639) (1983), overruled *McLanahan's* abolition of the "no cure" rule, based on our intervening decision in *Couch v. Wallace*, 249 Ga. 568 (292 SE2d 405) (1982). The appellant's argument is that under *McLanahan* he had a vested right to reinstate his Meriwether County action by paying costs in the Harris County action, so long as this was done within six months after the latter action was filed. We disagree with this argument.

We hold that although the "no cure" rule most assuredly affects the assertion of substantive rights, it nonetheless falls within the category of procedural law. The rule is that there are no vested rights in any course of procedure. *Pritchard v. Savannah &c. R. Co.*, 87 Ga. 294, 299 (13 SE 493) (1891); *Scott v. Oxford*, 105 Ga. App. 301, 304 (124 SE2d 420) (1962); accord *Enger v. Erwin*, 245 Ga. 753 (267 SE2d 25) (1980) and cits. And, when no vested rights are involved, the general principle is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation. *Beecher v. Dept. of Transportation*, 151 Ga. App. 355, 356 (259 SE2d 638) (1979) and cits. Thus, we hold that the appellant had no vested right in *McLanahan's* evanescent abolition of the "no cure" rule. If the appellant was correct in his argument that he did have such a vested right, then it would have had to have been held that the plaintiffs in *Little v. Walker*, supra, had a vested right under *McLanahan* to renewal of their suit by paying the costs of the earlier suit after the renewal action was filed.

In *Little v. Walker*, supra, it was specifically held that, "The payment of costs in the dismissed suit is a precondition to the filing of the second suit." 250 Ga. at 855. As held in *Couch v. Wallace*, supra, "if costs are not paid prior to filing then the second suit is not a valid pending action. [Cit.]" 249 Ga. at 569. This holding was recently reaffirmed in *Tucker v. Mitchell*, 252 Ga. 545 (314 SE2d 896) (1984).

The appellant also argues, for the first time on appeal, that he added a count to the complaint filed in Meriwether County that did not fall within the claim being sued on in Harris County. For this reason, the appellant argues that the trial court erred in dismissing the entire complaint. However, the complaint filed in Harris County is not part of the record in this case. For this reason, it is impossible to determine the correctness of this argument.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 1984.

*Robert Lee Todd IV*, for appellant.

*Douglas L. Breault,* for appellees.