## 70000. COMBEL v. WICKEY.
### (332 SE2d 18)

BENHAM, Judge.

This appeal follows the entry of judgment in the amount of $12,984.21 against appellant based on a jury verdict. In his sole enumeration of error, appellant maintains that the trial court erred in failing to grant his motion to dismiss the complaint as barred by the statute of limitation.

In January 1979, appellee Wickey filed a complaint in the Superior Court of Fulton County alleging malicious prosecution and assault and battery on the part of appellant Combel. The incident giving rise to the lawsuit occurred on July 28, 1978, and the criminal prosecution against appellee was dismissed on September 8, 1978. Aware of a procedural defect in his Fulton County lawsuit, appellee filed a complaint for malicious prosecution and assault and battery against appellant in the Superior Court of Cobb County on February 24, 1981. Approximately ten days later, on March 6, 1981, appellee paid the costs and voluntarily dismissed his Fulton County lawsuit. Appellant subsequently moved to dismiss the Cobb County action against him on the ground that the action was barred by the two-year statute of limitation on injuries to the person. See OCGA § 9-3-33. Appellant's sole enumerated error on appeal is the denial of his motion to dismiss.

"[T]he payment of costs in the dismissed suit is a precondition to the filing of the second suit." *Little v. Walker*, 250 Ga. 854, 855 (301 SE2d 639) (1983). Payment of costs in a dismissed action is a jurisdictional matter which cannot be waived. *Tucker v. Mitchell*, 252 Ga. 545 (314 SE2d 896) (1984). "[S]ince the payment of costs is a precondition to the filing of a new suit, there is no viable action presently pending, making dismissal . . . for defendant appropriate. [B]ecause of the failure of [appellee] to pay the costs of the first action, the statute of limitations was not tolled by OCGA § 9-2-61." *Little v. Walker*, supra. Therefore, the trial court erred when it denied appellant's motion to dismiss.

*Judgment reversed. Banke, C. J., and McMurray, P. J., concur.*

### DECIDED MAY 14, 1985.

*Philip J. Wydro*, for appellant.
*Thomas J. Wingfield, Carolyn T. Thurston*, for appellee.