76284. SHAW v. LEE.
(371 SE2d 187)

BEASLEY, Judge.

We granted interlocutory appeal to consider the denial of defendant Shaw's motion for summary judgment in a second suit.

Shaw and his employer were originally sued in Clayton County for injuries suffered by Lee in a traffic accident on March 16, 1984. The return of service reflects that service was attempted on Shaw by leaving a copy with his mother. Thereafter, the employer was granted summary judgment and Shaw moved to dismiss for improper venue,

filing an affidavit denying that he lived in Clayton County with his mother at the time of service of the lawsuit and stating that he had lived in Henry County since May 1984.

That motion was denied, but the case was ordered transferred to Henry County pursuant to USCR 19. Due to plaintiff's failure to pay court costs and transfer costs, the case was dismissed on November 5, 1986. USCR 19.1 (G). There is nothing in the record to indicate that these costs were ever paid.

On December 19, 1986, Lee filed a complaint in Henry County. Shaw answered, after service on April 1, 1987, asserting the statute of limitations, OCGA § 9-3-33, and filed the motion for judgment on the pleadings or summary judgment, denial of which is claimed as error.

OCGA § 9-3-33 provides that suits for personal injury must be brought within two years of their accrual. Plaintiff Lee asserts that his filing of the second suit within six months of the first's dismissal preserves his action pursuant to OCGA § 9-2-61 (a): "When any case has been commenced in . . . a state . . . court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later;. . . ."

In order to obtain the benefit of this statute, however, a plaintiff must comply with OCGA § 9-11-41 (d), requiring that costs be paid in the first action before the second is initiated. This condition precedent to filing the second action is jurisdictional and, even though not raised by defendant, precludes the second suit since, in the absence of payment of costs in the first suit, there is no suit pending and the statute of limitations is not tolled. *Tucker v. Mitchell*, 252 Ga. 545 (314 SE2d 896) (1984); *Little v. Walker*, 250 Ga. 854, 855 (301 SE2d 639) (1983); *Combel v. Wickey*, 174 Ga. App. 758 (332 SE2d 18) (1985). The costs referred to in OCGA § 9-11-41 (d) include those authorized by USCR 19.1 (F) and (G).

Although the dismissal here was an involuntary one, OCGA § 9-11-41 (b), it was not on the merits and, with regard to the payment of costs, must be treated in the same way as a voluntary dismissal, OCGA § 9-11-41 (a). See *Little*, supra.

Therefore, defendant was entitled to summary judgment, and we need not address the ground raised by him.

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 7, 1988 —
REHEARING DENIED JUNE 30, 1988.

*Kent T. Stair, Douglas A. Wilde*, for appellant.
*Jerry L. Patrick, Jr.*, for appellee.