A92A0022. HOLLOMAN v. THE STATE.
(416 SE2d 839)

SOGNIER, Chief Judge.

Daniel Holloman was convicted in probate court of DUI, and he appealed to the superior court pursuant to OCGA § 40-13-28. The superior court affirmed, finding that since there was no transcript of the proceedings in probate court, it must presume the probate court's judgment was correct. Upon Holloman's appeal to this court, we remanded to the superior court with direction that the superior court issue an order to obtain any transcript or certified record from the probate court as was necessary to accord appellant the review to

which he was entitled. See *Holloman v. State*, 199 Ga. App. 230 (404 SE2d 651) (1991). The trial court issued such an order and the probate court provided the trial court with a summary of evidence. The superior court reviewed the probate court's judgment on the record and affirmed, and Holloman brings this appeal.

The probate court's summary of the evidence reveals that the arresting officer, Georgia State Trooper R. T. Boyle, stopped appellant after radar indicated he was speeding. Boyle testified that appellant's speech was slurred, he had a strong odor of alcohol, and was unsteady on his feet. An Alcosensor test was positive. Wanda Albright of the Lamar County Sheriff's Department testified that she was trained to operate the Intoximeter 3000, that she tested appellant's breath, and that the result showed a blood alcohol percentage of .12. Appellant testified that he had purchased a 12-pack of beer for the week and had drunk four cans in one day.

1. Appellant enumerates the general grounds. We find the evidence sufficient to support appellant's conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Corley v. State*, 192 Ga. App. 35, 36 (1) (383 SE2d 586) (1989).

2. Relying on *North v. Russell*, 427 U. S. 328 (96 SC 2709, 49 LE2d 534) (1976), appellant contends the Georgia Supreme Court's recent construction of OCGA § 40-13-28 as providing no right to de novo review, *Walton v. State*, 261 Ga. 392 (405 SE2d 29) (1991), as applied to him, renders his trial in probate court a denial of due process of law because the proceedings in probate court were before a non-lawyer judge. We need not decide this issue because the record does not indicate whether the probate judge was a lawyer, and this court will not consider factual allegations in the briefs of parties which are not supported by evidence contained in the record. *Hurst v. State*, 198 Ga. App. 380, 381 (4) (401 SE2d 348) (1991). We note, however, that because the Kentucky statutory scheme reviewed in *North* provided that an offender subject to confinement after trial in a lay police court has available on appeal a trial de novo before a lawyer judge, the U. S. Supreme Court was not required to reach the issue presented by appellant in this case. The *North* court held only that the existing Kentucky scheme did not violate the due process clause of the Fourteenth Amendment to the United States Constitution. Id. at 339.

3. Appellant also argues that *Walton* should be applied only prospectively because he relied on the former interpretation of OCGA § 40-13-28 and consequently should have been afforded either a de novo review in superior court or at least another opportunity to decide whether he wished to consent to trial in the probate court given that he had no right to de novo review in superior court. We do not agree.

When no vested rights are involved, the general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation. *Foster v. Bowen*, 253 Ga. 33, 34 (315 SE2d 656) (1984). Thus, contrary to appellant's assertion, he was not entitled to rely on the former construction of OCGA § 40-13-28 overruled in *Walton*, supra. " 'The overruling of a former judicial decision is retrospective in its operation and the effect is not that the former decision was bad law, but that it was never the law. [Cit.] There is an exception to this general rule of retrospective application. Where constitutional or statutory law has been construed by the appellate courts and contracts have been made and vested rights acquired in accordance with the construction of the law, retrospective application will not be made.' [Cit.]" *State v. King*, 164 Ga. App. 834 (298 SE2d 586) (1982). Although OCGA § 40-13-28 certainly affects the assertion of substantive rights, it, like the "no cure" rule involved in *Foster*, "nonetheless falls within the category of procedural law. The rule is that there are no vested rights in any course of procedure. [Cits.]" Id. Accordingly, *Walton* must be applied retrospectively, and appellant was not entitled to a de novo review in the superior court. Nor is appellant entitled to another opportunity to decide whether he wishes to be tried in the probate court. Appellant clearly made an election to be tried in probate court, and his reliance on our previous construction of OCGA § 40-13-28 in doing so is irrelevant, since the right to a particular type of appeal is not a vested right. Id.

4. Appellant next contends the superior court erred by affirming the probate court's judgment because the probate court erred in several respects.

(a) Appellant's contention that the probate court erred by denying his motion to test, inspect, and examine the Intoximeter 3000 used to test his breath is controlled adversely to him by *Blanos v. State*, 192 Ga. App. 835-836 (1) (386 SE2d 714) (1989).

(b) Although appellant maintains the probate court erred by denying his plea in bar, the basis for appellant's plea in bar was a challenge to the constitutionality of the DUI statutory scheme, which has been decided adversely to appellant in *Lattarulo v. State*, 261 Ga. 124-127 (1)-(3) (401 SE2d 516) (1991).

(c) Appellant asserts the probate court erred by denying his motion to suppress the results of the Intoximeter 3000 test for three reasons. Appellant alleges the State failed to lay the proper foundation for the admission of the test results and failed to show that Trooper Boyle read appellant his implied consent rights, as required by OCGA § 40-6-392 (a) (4). However, absent a transcript it is impossible for this court to determine whether a proper foundation was laid or whether Boyle testified that appellant was read his implied consent rights. The summary of the evidence prepared by the probate judge

from her notes is silent as to these matters, and thus the superior court was entitled to presume the probate court's ruling was proper. See *Burns v. State*, 196 Ga. App. 732 (2) (397 SE2d 19) (1990).

Appellant's contention that he had not committed a traffic violation, rendering Boyle's stop illegal under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), is belied by the probate court's summary of evidence, which indicates that Boyle stopped appellant for speeding.

5. The record does not support appellant's allegation that the superior court was not fair and impartial on remand from this court because it had found appellant guilty once before, and we find this allegation utterly without merit.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 9, 1992 —
RECONSIDERATION DENIED MARCH 20, 1992 — ▬▬▬▬▬▬

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III, Anne C. Allen*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.

