## A02A0803. PRISON HEALTH SERVICES, INC. v. MITCHELL et al.
### (568 SE2d 741)

POPE, Presiding Judge.

The sole issue in this case is whether a plaintiff can file a renewal action in a Georgia court under OCGA § 9-2-61 within six months following the dismissal of claims in a prior federal action, without first paying the litigation expenses submitted by a defendant in a bill of costs to the federal district court. We hold that the payment of such expenses is not a prerequisite to the filing of a renewal action in this state.

The litigation in this case arose after Alfonso Roberson died in October 1997 while in custody at the Chatham County jail. His parents, Nash Mitchell and Lorraine Roberson, brought suit in federal court against Chatham County, the Chatham County Sheriff's Department, Prison Health Services, Inc. ("PHS") and others. The lawsuit alleged federal claims under 42 USC § 1983 and the U. S. Constitution, as well as various state law claims.

The district court granted summary judgment to the defendants as to all federal claims and dismissed the state law claims "without prejudice because § 1367 (d) has tolled any applicable state statutes of limitations." See 28 USC § 1367 (d). The parents filed a notice of appeal from the order of summary judgment on the federal claims, but did not appeal the dismissal of the state law claims.

The defendants subsequently submitted a bill of costs pursuant to 28 USC § 1920, which allows the prevailing party to recover certain costs of litigation.[1] Rule 54 (d) (1) of the Federal Rules of Civil Procedure provides that "costs other than attorney[ ] fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The bill of costs in this case sought reimbursement for court reporter fees, witness fees and copying costs in the amount of $6,955.70. The record demonstrates that there were no outstanding costs owed to the district court itself. The costs submitted by the defendants were taxed by the district court on October 1, 1999, and on October 6, 1999, the parents' counsel remitted the full amount due

---

[1] 28 USC § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

under the bill in a check made payable to the clerk of the district court.

On December 17, 1999, after the applicable limitation period had expired, the parents filed a renewal action in the State Court of Chatham County, reasserting the state claims dismissed by the federal court. Several months later, the Eleventh Circuit Court of Appeals affirmed the district court's opinion, and PHS submitted an additional bill of costs to the Eleventh Circuit in the amount of $61.05.

PHS subsequently filed a motion for summary judgment asserting that the parents' claims were barred by the applicable statute of limitation. PHS argued that the parents could not avail themselves of the renewal statute because they had failed to pay costs in the federal action. In particular, PHS noted that the parents had erroneously paid the costs taxed in district court to the court clerk, instead of to the defendants, and had failed to pay the costs taxed by the appellate court. While this motion was pending, the parents tendered to PHS's attorney a check in the amount of $7,016.75 to cover all costs arising in the federal litigation.

The trial court denied summary judgment, finding "that there are genuine issues of material fact regarding whether Plaintiffs made a good faith attempt to pay the court costs that Plaintiffs knew about prior to filing this action." At PHS's request, the trial court certified this issue for immediate review, and we granted the application for interlocutory appeal.

Subsection (a) of Georgia's renewal statute provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41.

OCGA § 9-2-61 (a). OCGA § 9-11-41 (d) requires that before filing a previously dismissed action, a plaintiff must pay the court costs in the first suit. And Georgia courts have interpreted this requirement to be " 'a condition precedent to filing a second suit,' so that 'payment of costs in a previous suit is jurisdictional' with respect to a subsequent suit. *Little v. Walker*, 250 Ga. 854, 855 (301 SE2d 639) (1983)." *Jeff Davis Hosp. Auth. v. Altman*, 203 Ga. App. 168 (416 SE2d 763) (1992). A plaintiff, however, may avoid this requirement where he demonstrates that the costs were unknown to him after a good faith

effort to ascertain them, and further shows that any subsequently discovered costs were paid within a reasonable time. *Butler v. Bolton Road Partners*, 222 Ga. App. 791, 793 (2) (476 SE2d 265) (1996); *Daugherty v. Norville Indus.*, 174 Ga. App. 89, 91 (329 SE2d 202) (1985).

We must determine, therefore, whether the definition of court costs under OCGA § 9-11-41 (d) includes the witness fees, court reporting fees and copying expenses that a prevailing party in a federal action is allowed to recover. We conclude that it does not. There is no provision under Georgia law parallel to 28 USC § 1920 allowing the clerk of court to automatically tax such costs. And neither OCGA § 9-2-61 nor § 9-11-41 (d) makes any mention of a prevailing party's litigation costs. Accordingly, we find nothing in the Georgia Code or the rules of civil procedure that would impose the added burden of paying litigation expenses upon a plaintiff who chooses to first file an action in federal court.

Nor do we believe that the legislature intended to impose such a burden.[2] Our Supreme Court has noted in another context that the renewal statute is remedial in nature and thus should be "construed liberally to allow renewal." *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). We do not believe that it would promote the remedial purpose of the statute to require that a plaintiff pay his opponent's litigation costs as a prerequisite to filing a renewal action. Accordingly, we hold that the definition of court costs in this context should be confined to those costs actually due and owing the court, such as filing fees or jury impaneling fees. See, e.g., *Oseni v. Hambrick*, 207 Ga. App. 166 (427 SE2d 559) (1993).

And because the record demonstrates that there were no outstanding court costs in this case, we find that the trial court correctly denied PHS's motion for summary judgment. See *Costrini v. Hansen Architects*, 247 Ga. App. 136, 138 (2) (543 SE2d 760) (2000) (grant of summary judgment must be affirmed if it is right for any reason).

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED JUNE 21, 2002 —
RECONSIDERATION DENIED JULY 16, 2002.

*Kent, Sigman & Bogle, A. Martin Kent, Suzanne R. Bogle, Quillian, Loncon & Edwards, Abda L. Quillian*, for appellant.

---

[2] It is interesting to note that the most recent amendment to the renewal statute specifically deleted any reference to the federal rules of civil procedure. The statute previously read that a prior dismissed action could "be recommenced in a court of this state or *if permitted by the federal rules of civil procedure* in a federal court. . . ." (Emphasis supplied.) Ga. L. 1998, p. 862, § 1.

*Savage, Turner, Pinson & Karsman, Brent J. Savage, C. Dorian Britt, Albert E. Clark,* for appellees.