A04A2377. CRANE v. CHEELEY.
(605 SE2d 824)

ELDRIDGE, Judge.

It appears that in 2002, appellant-plaintiff Eugene Crane ("Crane") twice filed suit in the Superior Court of Gwinnett County against appellee-defendant Joseph E. Cheeley, Jr. and his agents, defendants Kathy Poteat, David Poteat, and Primary Mortgage, such lawsuits given Civil Action File Nos. 02-A-11897-3 and 02-A-10270-3. Crane sought damages and the costs of litigation arising out of an alleged promise of a life estate in a Gwinnett County property located in Duluth, Georgia, an interest in the property which Crane was to share with his grandson, Matthew Crane.[1] On January 16, 2003, the superior court entered its order granting defendant Cheeley's motion to dismiss in Civil Action File No. 02-A-11897-3, and, on May 16, 2003, the superior court granted defendant Cheeley summary judgment in Civil Action File No. 02-A-10270-3. Thereafter, the superior court awarded Cheeley his attorney fees in both actions under OCGA § 9-15-14 (b) in the amounts of $1,111.50 and $8,161.50, respectively. No evidence of record shows the payment of these costs.

Still proceeding pro se, Crane appeals from the superior court's order entered on June 25, 2004, and amended on July 7, 2004. In addition to granting Cheeley's motion to dismiss the underlying action, a third action filed by Crane against him and his agents for the

---

[1] By his complaint in the underlying action, Crane identifies Matthew Crane as his son's son by his former wife, defendant Kathy Poteat, alleging that his son and Kathy Poteat made the promise of the life estate while they were married.

failure to pay costs as ordered, the superior court's June 25 order, as amended, granted Cheeley's motion for a bill of peace and for a perpetual injunction against Crane and his agents in Gwinnett County.[2] In doing so, the superior court found that "the issues contained in [Crane's] suits are nearly identical and the merits of all of the complaints have been litigated and decided."

Crane challenges the superior court's amended order for the denial of his constitutional rights to a jury trial and to confront the witnesses against him. We disagree and affirm.

As the superior court correctly ruled,

> [a]ttorney[ ] fees and expenses of litigation awarded under [OCGA § 9-15-14 (g)] *shall be treated as court costs with regard to the filing of any subsequent action. . . .* Court costs in the original action against a party must be paid first before commencing a subsequent action against that party. OCGA § 9-11-41 (d). This is a condition precedent to filing a second suit, so that payment of costs in a previous suit is jurisdictional with respect to a subsequent suit. *Little v. Walker,* 250 Ga. 854, 855 (301 SE2d 639) (1983). Without the prior payment of the first suit's costs, the second suit is not a valid pending action. *Couch v. Wallace,* 249 Ga. 568, 569 (292 SE2d 405) (1982). *Jeff Davis Hosp. Auth. v. Altman,* 203 Ga. App. 168 (416 SE2d 763) (1992).

(Punctuation omitted; emphasis in original.)

It is undisputed in the record that Crane failed to pay the court costs which the superior court ordered in the cases which Crane had earlier filed in this matter, Gwinnett County Civil Action File Nos. 02-A-11897-3 and 02-A-10270-3. Accordingly, Crane's constitutional claims to the contrary notwithstanding, the superior court did not err in granting Cheeley's motion to dismiss Crane's April 6, 2004 lawsuit for lack of subject matter jurisdiction.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED OCTOBER 19, 2004 — ▬▬▬▬▬▬

Eugene Crane, *pro se.*
*Joseph E. Cheeley III,* for appellee.
Kathy Poteat, *pro se.*
David Poteat, *pro se.*

---

[2] The superior court's injunction enjoined Crane and his agents "from filing any further suit against [Cheeley] or his agents in Gwinnett County" without the court's prior written approval.