**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 21, 2013**

# In the Court of Appeals of Georgia

A13A0262. MUHAMMAD v. MASSAGE ENVY OF GEORGIA, INC. et al.

McMILLIAN, Judge.

Ali S. Muhammad appeals the trial court's order dismissing his complaint against Massage Envy of Georgia, Inc.; Klemme, Inc.; Norman Klemmer a/k/a Norman John Klemmer a/k/a Norman J. Klemmer ("Klemmer"); Lynda Brooks; Pat Baker; and Michael D. Cross, Jr., arising out of an alleged overcharge of $78 on Muhammad's bank account for massage services. Citing this Court's opinion in *Crane v. Cheeley*, 270 Ga. App. 126 (605 SE2d 824) (2004), Klemme, Inc. moved to dismiss Muhammad's complaint on the ground that he failed to pay $16,262 in attorney fees and costs awarded in a prior lawsuit filed against Massage Envy of Georgia, Inc. Because we find that the *Crane* case was wrongfully decided, we

overrule that decision and reverse the trial court's order dismissing Muhammad's claims.

Muhammad originally filed a lawsuit solely against Massage Envy of Georgia, Inc.[1] on December 15, 2009, in which he sought to recover the $78 plus $25,000 in punitive damages.[2] The trial court ultimately granted summary judgment in favor of MEG, which had moved for relief on the ground that it was not the company that withdrew money from Muhammad's bank account. MEG contended instead that Muhammad had contracted with a franchisee of the national Massage Envy franchisor, which had a similar name and which was responsible for the withdrawals. The trial court further granted MEG an award of costs and attorney fees for frivolous litigation under OCGA § 9-15-14 in the amount of $16,242.[3]

---

[1] Massage Envy of Georgia, Inc. was apparently the predecessor corporation of Klemme, Inc. , so the two corporations, although named as separate parties, are essentially the same and will be referred to jointly as "MEG," unless it is necessary to distinguish between the two corporate names.

[2] Muhammad filed the 2009 complaint pro se, but obtained his current legal representation during the course of that litigation.

[3] Muhammad filed an application for discretionary appeal of the attorney fee award, which this Court denied. This Court also denied Muhammad's subsequent application for discretionary appeal in Massage Envy's garnishment case to collect those fees , making this Muhammad's third appearance before this Court for matters arising in connection with the $78 overdraft.

The allegations in this action are based on the same events and massage service membership involved in the 2009 lawsuit, with additional allegations of fraud on the court by MEG and its attorney, Cross, during the litigation. As he did in his first complaint, Muhammad alleges that in addition to the loss of the $78, he was damaged in the amount of $25,000 for "embarrassment, and emotional pain and suffering" after his account was overdrawn. Although the current complaint is somewhat unclear, Count 1 appears to assert a fraud claim based on allegations that "Defendants" accepted his massage service contract, "well knowing" that they would be closing the Camp Creek location. Count 1 also alleges that during the 2009 litigation, MEG and Cross misrepresented that MEG was not part of the Massage Envy franchisee with which Muhammad contracted. Muhammad sought $150,000 in damages on this claim. The second count sought an award of attorney fees of not less than $46,000. Muhammad also sought $100,000 in punitive damages, for a total damage claim of $296,000.

The trial court granted Klemme's motion to dismiss in reliance upon the *Crane* case. In that case, Crane filed suit against a number of defendants arising out of an alleged promise in a life estate. Crane had filed two prior actions against one of these defendants, and the trial court granted a motion to dismiss in one of the actions and summary judgment to the defendant in the other. The court later awarded attorney

3

fees under OCGA § 9-15-14 (b) in each action. *Crane v. Cheeley*, 270 Ga. App. at 126. After first confirming that "attorney fees and expenses of litigation awarded under OCGA § 9-15-14 (g) *shall be treated as court costs with regard to the filing of any subsequent action*," the Court then determined that the "[c]ourt costs in the original action against a party must be paid first before commencing a subsequent action against that party," citing OCGA § 9-11-41 (d). (Citation and punctuation omitted; emphasis in original). Id. at 127. The Court then determined that the Cranes' failure to pay the attorney fee awards in the first two actions barred their third suit. Id.

But OCGA § 9-11-41 addresses the dismissal of actions, and subsection (d) provides that "[i]f a *plaintiff* who has dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the plaintiff shall first pay the court costs of the action previously dismissed." (Emphasis supplied.) In *Crane*, however, it was not the plaintiffs who dismissed the prior action; it was the trial court that dismissed one and adjudicated the other. By its terms, therefore, OCGA § 9-11-41 (d) had no application in *Crane*, and this Court erred in applying that statute to dismiss the Cranes' suit for failure to pay the fee awards. Accordingly, we conclude that *Crane* was wrongly decided and we hereby overrule it.

4

Similarly, in this case, Muhammad did not dismiss the 2009 action; rather, the trial court granted summary judgment to MEG and then awarded it attorney fees. The trial court, therefore, erred in dismissing Muhammad's subsequent complaint for failure to pay the fees awarded in the 2009 action pursuant to OCGA § 9-11-41 (d). Accordingly, we reverse the trial court's order dismissing the complaint and remand for further proceedings.[4]

*Judgment reversed. Ellington, C. J., Andrews, P. J., Barnes, P. J., Phipps, P. J., Doyle, P. J., Miller, Dillard, McFadden, Boggs, Ray and Branch, JJ., concur.*

---

[4] Although MEG and Cross also argue that the complaint was subject to dismissal on the grounds of res judicata, the trial court stated that it was dismissing the complaint for the failure to pay costs in the prior action and that it was dismissing the claim "on that ground and that ground only." Moreover, the trial court specifically denied MEG's request for a bill of peace to prevent Muhammad from filing any additional complaints against MEG arising out of this matter. The trial court said that if Muhammad paid the $16,000 and filed another suit, the court would address the issues at that time. MEG did not cross-appeal the denial of its request for a bill of peace. In any event, we find that the appellate record before us is insufficient to consider the issue of res judicata.