**SECOND DIVISION**
**MERCIER, C. J.,**
**HODGES and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 7, 2025**

# In the Court of Appeals of Georgia

A23A0119. FLOYD HEALTHCARE MANAGEMENT, INC. d/b/a FLOYD MEDICAL CENTER v. GOLDEN.

HODGES, Judge.

1. In Division 3 of *Golden v. Floyd Healthcare Mgmt.*, 368 Ga. App. 409 (890 SE2d 288) (2023) ("*Golden I*"), we reversed the Superior Court of Floyd County's order denying Floyd Healthcare Management, Inc., d/b/a Floyd Medical Center's ("Floyd Medical") motion to dismiss Jami Lynn Golden's medical malpractice renewal action, concluding that her "claims against Floyd Medical in Count 1 of the renewal action . . . are barred by the five-year medical malpractice statute of repose." Id. at 410, 426 (4); see also OCGA § 9-3-71 (b).

In disapproving language from some of its own cases upon which we relied, the Supreme Court of Georgia reversed our decision, holding, in part, that "Golden's

claims were not time-barred because the [March 14, 2020 Judicial Emergency Order] tolled OCGA § 9-3-71 (b), and that under these circumstances there is no impediment in the federal or Georgia Constitutions for the statute of repose to be tolled[.]" *Golden v. Floyd Healthcare Mgmt.*, 319 Ga. 496 (904 SE2d 359) (2024) ("*Golden II*"). Therefore, in accordance with the Supreme Court's opinion in *Golden II*, we vacate Division 3 of *Golden I*, adopt the Supreme Court's opinion as our own, and affirm the trial court's denial of Floyd Medical's motion to dismiss Golden's renewal action on that basis. See *Coe v. Proskauer, LLP*, 367 Ga. App. 548, 549 (887 SE2d 397) (2023). However, that does not end our review or necessarily revive Golden's claim.

2. Floyd Medical also argued that Golden's renewal action is precluded by her failure to pay certain costs incurred by the defendants in the original federal action in the United States District Court for the Northern District of Georgia. The trial court noted that "[b]oth parties agree that court costs were paid in the instant case" and ultimately found that costs for "wasted work[,]" which the district court imposed in its conditional dismissal of Golden's original federal action, were "paid in full by [Golden], although those costs are not the type of costs that [Golden] had to pay as a

2

condition of renewal of the original action." As a result, the trial court concluded that it had jurisdiction.

> In Division 4 of *Golden I*, we observed that, in view of our decision that
>
> the counts of Golden's renewal action are barred by . . . the five-year medical malpractice statute of repose, we need not consider Floyd Medical's remaining argument that Golden's renewal action is precluded by her purported failure to satisfy the district court's conditions in its voluntary dismissal order, including Golden's payment of certain attorney fees and expenses incurred by the defendants in the original federal action.

(Footnotes omitted.) 368 Ga. App. at 425 (4). See also id. at 410, n. 3 ("Accordingly, we do not reach Floyd Medical's remaining enumeration of error in Case No. A23A0119 asserting that the trial court erred in denying its motion to dismiss Golden's renewal action due to her failure to satisfy certain conditions imposed by the district court in the original action."), 413, n. 8. The Supreme Court's decision in *Golden II* mandates that we now consider Floyd Medical's argument. Having done so, we conclude that it is without merit. Therefore, we affirm the trial court's judgment.

On June 25, 2021, the district court granted Floyd Medical's motion to strike Golden's disclosure of two expert reports and 40 of her treating physicians as expert

3

witnesses less than an hour before the close of discovery. Two days later, Golden moved to voluntarily dismiss her complaint without prejudice. Floyd Medical objected to the proposed dismissal and filed a motion for summary judgment on June 28, 2021, asserting that, in the absence of expert testimony, Golden could not prevail on her claims as a matter of law.

In an order entered August 30, 2021, the district court granted Golden's motion for voluntary dismissal and denied as moot her motion to amend and Floyd Medical's motion for summary judgment. Relevant to this appeal, the district court's dismissal order provided that:

> [t]he Court GRANTS Plaintiff's Motion for Voluntary Dismissal. The Court DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE on the following conditions: (1) Defendants shall file a brief and bill of costs on "wasted" work within 10 days of the entry of this order, and Plaintiff shall file a response within 10 days of Defendants' filing, and (2) the discovery in this case will be incorporated into any subsequent action.

As required by the district court's order, Floyd Medical filed a brief outlining its bill of costs for "wasted work" totaling $24,769 on September 9, 2021, to which Golden

responded on September 20, 2021.[1] On March 29, 2022,[2] the district court ordered Golden to pay Floyd Medical's counsel $24,769 in attorney fees and expenses. Golden's counsel forwarded payment in full the next day, and Floyd Medical's counsel filed an acknowledgment of payment and satisfaction of judgment on April 7, 2022. At that point, then, no further payments by Golden were due.

There does not appear to be any dispute that Golden paid the court costs[3] due from the district court when she filed the renewal action or that she ultimately paid the amount found to be due by the district court for "wasted work" in its March 29, 2022 order. The only remaining issue is whether Golden must have *paid* the attorney fees and expenses for "wasted work" before she filed her renewal action. Based upon the plain language of the district court's order, she did not.

---

[1] One week later, Golden filed an emergency motion for leave to deposit $24,769 with the district court so that she could then pursue her renewal action. The district court did not address Golden's motion until March 29, 2022, when it denied the motion as moot.

[2] Golden filed her renewal action on October 21, 2021.

[3] See OCGA § 9-11-41 (d); *Prison Health Svcs. v. Mitchell*, 256 Ga. App. 537, 539 (568 SE2d 741) (2002).

Under Georgia law, "[i]f a plaintiff who has dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the plaintiff shall first pay the court costs of the action previously dismissed." OCGA § 9-11-41 (d). See also OCGA § 9-2-61 (a) (providing that a renewal action is "subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41"). "[T]his requirement [is] a condition precedent to filing a second suit, so that payment of costs in a previous suit is jurisdictional with respect to a subsequent suit." (Citation and punctuation omitted.) *Prison Health Svcs. v. Mitchell*, 256 Ga. App. 537, 538 (568 SE2d 741) (2002). In that vein, we have held that "the definition of court costs in [the] context [of OCGA § 9-11-41 (d)] should be confined to those costs actually due and owing the court, such as filing fees or jury impaneling fees." Id. at 539. Moreover,

> [a] plaintiff . . . may avoid [the jurisdictional] requirement where [she] demonstrates that the costs were unknown to [her] after a good faith effort to ascertain them, and further shows that any subsequently discovered costs were paid within a reasonable time.

(Citation omitted.) Id. at 538-539. Importantly, "the renewal statute is remedial in nature and thus should be construed liberally to allow renewal." (Citation and punctuation omitted.) Id. at 539.

Even assuming, without deciding, that the "wasted work" attorney fees and expenses are included in the definition of court costs,[4] we conclude that the expenses were unknown to Golden "after a good faith effort to ascertain them" and that she paid the expenses within a reasonable time — i.e., the day after the district court entered a judgment in the amount of the expenses. Here, the district court stated, in its order allowing Golden to voluntarily dismiss her claim, that it "could not determine the exact amount of costs and fees" and therefore allowed the parties to submit briefing on the issue. Once Floyd Medical submitted its court-ordered brief identifying its attorney fees and expenses which it attributed to "wasted work," and Golden filed her brief in response,[5] Golden filed an emergency motion to deposit that

---

[4] As we have stated, the trial court concluded that "[p]ayment for the 'wasted work' was paid in full by [Golden], although those costs are not the type of costs that [Golden] had to pay as a condition of renewal of the original action."

[5] At that point, Golden satisfied the first condition of the district's court's order granting her motion for voluntarily dismissal. The second condition could only be accomplished after Golden renewed her action.

7

sum with the district court and tendered that sum to Floyd Medical, which it eventually denied. Stated differently, Golden could not have known the final amount due because the district court itself did not know, and had not ordered, the final amount due. See *Prison Health Svcs.*, 256 Ga. App. at 538-539. With the statute of repose looming, Golden filed a renewal action and paid the costs that were then due. And once the district court entered an order and a judgment for the amount of attorney fees and expenses incurred for "wasted work," Golden sent payment the next day.

In short, the operative language of the district court's order granting Golden's motion for voluntary dismissal did not expressly condition the dismissal on the *payment* of costs for "wasted work"; rather, the condition was that the parties *brief* the amount due within a specific time frame, which occurred as ordered. Even so, the costs for "wasted work" were not of the sort required to be paid to comply with OCGA §§ 9-2-61 and 9-11-41 (d), and it is undisputed that Golden paid the necessary court costs upon filing her renewal action. Under these circumstances, and viewing the renewal statute liberally, we find no reversible error and, therefore, affirm the trial court's judgment that all necessary costs had been timely paid and that it had

jurisdiction over Golden's renewal action. See *Prison Health Svcs.*, 256 Ga. App. at 538-539.

*Judgment affirmed. Mercier, C. J., and Davis, J., concur.*