63948. POWELL v. DARBY BANK & TRUST COMPANY.

SHULMAN, Presiding Judge.

This is an appeal from the trial court's grant of summary judgment to appellee and the denial of appellant's motion to reconsider the court's order granting summary judgment.

1. The trial court's order granting summary judgment to appellee was entered on October 22, 1981. Appellant's motion to reconsider the grant of summary judgment was denied on December 14, and his notice of appeal was filed January 7, 1982.

"A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . . but when a motion for new trial, or a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting,

overruling, or otherwise finally disposing of the motion." Code Ann. § 6-803. The appeal from the entry of summary judgment in favor of appellee is not timely since "a 'motion for reconsideration' of an order [disposing of a motion for] summary judgment is not included among those motions enumerated in Code Ann. § 6-803, supra, which automatically extend the filing date for a notice of appeal." *Adamson v. Adamson,* 226 Ga. 719 (177 SE2d 241). See also *Browning v. Europa Hair, Inc.,* 150 Ga. App. 480 (258 SE2d 234). Because the untimely notice of appeal deprives this court of jurisdiction, we shall not consider appellant's first enumeration of error.

2. Appellant takes issue in a more timely fashion with the trial court's denial of appellant's motion to reconsider its order granting summary judgment to appellee. Although a trial court has wide discretion to vacate, set aside, or modify a judgment rendered by it within the same term of court ( *C & S Nat. Bank v. Burden,* 145 Ga. App. 402 (1) (244 SE2d 244)), in the absence of a clear abuse of discretion, this court will not reverse a trial court's refusal to set aside a judgment. *R. H. Macey & Co. v. Chancey,* 116 Ga. App. 511 (1) (157 SE2d 758). Inasmuch as no such abuse appears on the record, we may not disturb the trial court's ruling.

3. Even if we treat appellant's motion to reconsider as one seeking to have a judgment set aside pursuant to Code Ann. § 81A-160, no relief is available to appellant since there is no evidence that the judgment is void on its face (Code Ann. § 81A-160 (a)) or that a nonamendable defect appears upon the face of the record (Code Ann. § 81A-160 (d)). *McCullough v. Molyneaux,* 163 Ga. App. 352 (294 SE2d 560).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED SEPTEMBER 15, 1982.

*John H. Calhoun, Jr.,* for appellant.
*D. Duston Tapley, Jr.,* for appellee.