## A05A0996. BHINDI BROTHERS v. PATEL et al.
### (619 SE2d 814)

BERNES, Judge.

On January 5, 2004, the State Court of Gwinnett County entered an order granting summary judgment in favor of defendants Yogesh Patel, Kalpana Patel, Mayur Patel and Sonal Patel. Plaintiff Bhindi Brothers appeals, contending that the trial court erred in concluding that its claims against the Patels for past due rent and other damages were barred by the doctrine of res judicata. We agree and reverse.

The relevant facts are not in dispute. On or about July 1, 1996, Bhindi Brothers entered into a lease agreement with the Patels for commercial space in the "Bhindi Center" shopping center located in Decatur, Georgia. The Patels thereafter operated a business known as the "Woodland Restaurant" in the leased space.

*The Dispossessory Action.* On March 10, 2003, counsel for Bhindi Brothers wrote to the Patels informing them that, as a result of their alleged default under the lease agreement, the lease had been terminated. The letter further demanded that the Patels vacate the premises. On April 4, 2003, after the Patels had not vacated the premises, Bhindi Brothers filed a dispossessory action under OCGA § 44-7-50 et seq. in the State Court of DeKalb County. In the action, Bhindi Brothers asked for the issuance of a writ of possession and also sought recovery of past due rent plus rent accruing up to the date of judgment. The Patels did not answer. Thereafter, on May 13, 2003, the State Court of DeKalb County issued a writ of possession but did not address the claims for past due rent and other damages.

*The Present Lawsuit.* On July 7, 2003, Bhindi Brothers commenced the instant action against the Patels for breach of contract in the State Court of Gwinnett County. The complaint alleged that the Patels had operated the Woodland Restaurant on the leased premises until May 19, 2003, at which time they were evicted pursuant to a dispossessory warrant because of an alleged default in the payment of rent. Bhindi Brothers sought to recover lost rent payments and additional "triple net" charges allegedly owed under the lease agreement, plus attorney fees. The Patels answered, denying any indebtedness to Bhindi Brothers and raising several defenses, including that the damages claims were barred by the doctrine of res judicata.

The Patels subsequently filed their motion for summary judgment, arguing that the issuance of the writ of possession in the

dispossessory action was res judicata to the claims for damages raised in the instant lawsuit. Alternatively, the Patels contended that even if the trial court were to conclude that the writ of possession could not be construed as a final judgment, the present action was subject to a plea in abatement under OCGA § 9-2-44. The trial court granted summary judgment in favor of the Patels on January 5, 2004. In its order, the trial court concluded that the issuance of the writ of possession by the State Court of DeKalb County on May 13, 2003 was a final judgment on the merits barring the present suit for past due rent arising out of the same lease.[1] Bhindi Brothers now appeals from that order.

Bhindi Brothers contends that the trial court erred by concluding that the writ of possession entered by the State Court of DeKalb County in the previously commenced dispossessory action was res judicata to its claims for past due rent and other damages raised in this litigation. Because the claims for past due rent and other damages raised in the dispossessory action were never ruled upon or resolved by the State Court of DeKalb County, we agree with Bhindi Brothers that res judicata does not apply to bar its damages claims raised in this suit.

The doctrine of res judicata is codified at OCGA § 9-12-40, which provides:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

Id. See *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865-866 (1) (463 SE2d 5) (1995). Significantly, in order for res judicata to apply, a final judgment must have been entered in the prior suit. *Atlanta J's, Inc. v. Houston Foods, Inc.*, 237 Ga. App. 415, 418 (2) (514 SE2d 216) (1999). "A judgment is final when it disposes of the entire controversy, leaving nothing for the trial court to do in the case. The effect of a judicial act and not the trial court's characterization of it determines whether it is a final judgment." (Citation omitted.) Id.

In *Atlanta J's, Inc.*, we held that the issuance of a writ of possession in a prior dispossessory action constituted a final judgment: the issuance of the writ resolved all outstanding issues in the

---

[1] In reaching this conclusion, the trial court erroneously found that Bhindi Brothers never sought past due rent in the dispossessory action. Both parties have agreed on appeal that Bhindi Brothers did in fact seek past due rent in the dispossessory action.

dispossessory action because the plaintiff had not requested past due rent or other damages in that action. Id. at 418-419. However, in so ruling, we expressly distinguished *Costanzo v. Jones*, 200 Ga. App. 806, 810-811 (2) (b) (409 SE2d 686) (1991). We noted that in *Costanzo*, this Court held that the issuance of a writ of possession by a state court did not constitute a final judgment because, unlike in *Atlanta J.'s, Inc.*, the plaintiff also had raised a claim for past due rent in the dispossessory action that had never been ruled upon by the state court.

The present case is controlled by *Costanzo*, not *Atlanta J's, Inc.*, because Bhindi Brothers raised claims for past due rent and other damages in the dispossessory action that were never addressed or ruled upon by the State Court of DeKalb County.

> Although the pleadings in the dispossessory action show that the amount of past due rent was put in issue, it is clear that no final judgment was pronounced by the DeKalb County court with respect to the rent issue. It follows that plaintiff effectively pierced defendant's res judicata defense.

*Costanzo*, 200 Ga. App. at 811 (2) (b).[2] Accordingly, the trial court erred in holding that Bhindi Brothers' claims for past due rent and other damages were barred by the doctrine of res judicata.

Alternatively, the Patels contend that if res judicata does not bar the present suit because final judgment was never entered on the damages claims in the dispossessory action, the present suit should be dismissed on the ground that it is subject to a plea of abatement under OCGA § 9-2-44 (a).[3] The general rule under OCGA §§ 9-2-5 (a)

---

[2] The Patels argue that res judicata should apply in this case because there was an adjudication on the merits of Bhindi Brothers' damages claims in the dispossessory action. In support of their argument, the Patels contend that Bhindi Brothers could have had its damages claims resolved on the merits in the dispossessory action, had Bhindi Brothers "properly presented and managed" the claims (see *Atlanta J's, Inc.*, 237 Ga. App. at 418-419 (3)) by personally serving the Patels rather than relying on "nail and mail" service, which would have provided the state court with jurisdiction to resolve the damages claims on the merits. See *Housing Auth. of Atlanta v. Hudson*, 250 Ga. 109, 111 (296 SE2d 558) (1982). However, because final judgment was never entered on Bhindi Brothers' damages claims in the dispossessory action, we need not reach the separate issue of whether there was an adjudication on the merits of those claims. See *Atlanta J's, Inc.*, 237 Ga. App. at 417 (application of res judicata requires, inter alia, *both* an entry of final judgment and a prior adjudication on the merits).

[3] OCGA § 9-2-44 (a) provides:
A former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement. However, if the first action is so defective that no recovery can possibly be had, the pendency of a former action shall not abate the latter.

and 9-2-44 (a)[4] is that when there are two lawsuits involving the same cause of action and the same parties that were filed at different times but that both remain pending in Georgia courts, the later-filed suit must be dismissed. *Intl. Telecomms. Exch. Corp. v. MCI Telecomms. Corp.*, 214 Ga. App. 416, 417 (448 SE2d 71) (1994).

However, there is an exception to the rule. If it appears from the face of the pleadings in the first-filed case that the court therein does not have jurisdiction to resolve the pending claims on the merits, then the plea of abatement will not lie and the later-filed suit may proceed forward. *Jones v. Rich's, Inc.*, 81 Ga. App. 841, 849 (60 SE2d 402) (1950). See also *Wilson v. Atlanta, K. & N. R. Co.*, 115 Ga. 171, 179-180 (41 SE 699) (1902) (holding that plea of abatement in later-filed suit should be sustained "save when — because of void process; failure to comply with statutory conditions precedent to bringing suit; instituting the action in a court having no jurisdiction of the subject-matter thereof; failure to give the suit a standing in court, by omitting to perfect legal service; or because of other like reasons, which the defendant is bound to know render it unnecessary to appear and plead" in the first-filed suit); *Dobson v. Truscon Steel Co.*, 70 Ga. App. 574 (28 SE2d 870) (1944) (when it was plain from the face of the pleadings that the defendant had been improperly joined as a party in the first-filed suit because of improper notice, plaintiff could proceed with his claims against defendant in later-filed suit because court in first-filed suit obviously lacked jurisdiction over defendant).

Applying these principles to the case at hand, we note that the warrant filed by Bhindi Brothers to initiate the dispossessory action in the State Court of DeKalb County clearly reveals that the Patels were served by "nail and mail" service under OCGA § 44-7-51 (a).[5] It

---

[4] OCGA § 9-2-5 (a) states:

No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.

"OCGA §§ 9-2-5 (a) and 9-2-44 (a) are closely related in effect and are to be considered and applied together." (Citations omitted.) *Huff v. Valentine*, 217 Ga. App. 310, 311 (1) (457 SE2d 249) (1995).

[5] The special procedures applicable to dispossessory actions, OCGA § 44-7-50 et seq., allow for service of process by what is called "nail and mail" service under certain circumstances:

If the sheriff is unable to serve the defendant personally, service may be had by delivering the summons and the affidavit to any person who is sui juris residing on the premises *or, if after reasonable effort no such person is found residing on the premises, by posting a copy of the summons and the affidavit on the door of the premises and, on the same day of such posting, by enclosing, directing, stamping, and mailing by first-class mail a copy of the summons and the affidavit to the defendant at his last known address, if any, and making an entry of this action on the affidavit filed in the case.*

is also clear that the Patels failed to answer in that action. In *Housing Auth. of Atlanta v. Hudson*, 250 Ga. at 111, the Supreme Court of Georgia held that fundamental principles of due process prevent a trial court from having jurisdiction to resolve on the merits claims for past due rent in a dispossessory action, in cases where service of process was effectuated by "nail and mail" service and the defendant defaulted by failing to answer. Thus, in the dispossessory action, the State Court of DeKalb County was deprived of jurisdiction to resolve on the merits Bhindi Brothers' claims for past due rent and other damages when the Patels failed to answer. Consequently, the instant action seeking the same damages is not subject to a plea of abatement. See *Wilson*, 115 Ga. at 179-180; *Dobson*, 70 Ga. App. 574.

For the foregoing reasons, we hold that the trial court erred by granting summary judgment to the Patels on the ground that Bhindi Brothers' damages claims were barred by the doctrine of res judicata. We further hold that the claims are not subject to a plea of abatement under OCGA § 9-2-44 (a).

*Judgment reversed. Blackburn, P. J., and Miller, J., concur.*

DECIDED AUGUST 16, 2005 — 

*Grover C. Bailey*, for appellant.
*Gilliland, Ratz & Browning, Charles A. Ratz, Andrea Bennett*, for appellees.

(Emphasis supplied.) OCGA § 44-7-51 (a).
[1] OCGA § 16-7-1 (a).