### A07A2207. OLD NATIONAL VILLAGES, LLC v. LENOX PINES, LLC.
(659 SE2d 891)

SMITH, Presiding Judge.

In this discretionary appeal, Old National Villages, LLC ("Old National"), appeals from the trial court's order denying its motion to set aside a consent judgment. Old National argues that the trial court should have exercised its broad discretion to set aside a judgment within the same term of court, because Old National's sole member did not receive notice of the complaint or approve the consent judgment. Because Old National's operating agreement gave the general manager authority to enter into the consent judgment, we affirm.

A "trial court has wide discretion to vacate, set aside, or modify a judgment rendered by it within the same term of court."[1] (Citation omitted.) *Powell v. Darby Bank & Trust Co.*, 163 Ga. App. 524, 525 (2)

---

[1] The record in this case shows that the judgment was entered on November 9, 2006, and that the motion to set aside was filed on December 14, 2006, within the same term of court. *Nusser v. State*, 275 Ga. App. 896, 899, n. 6 (622 SE2d 105) (2005) (State Court of Fulton County has six terms of court that begin on the first Monday of the following months each year: January, March, May, July, September, and November).

(295 SE2d 222) (1982). In the absence of a clear abuse of discretion, however, this court will not reverse a trial court's refusal to set aside a judgment. Id.

The record in this case shows that Lenox Pines, LLC ("Lenox Pines"), sued Old National to collect money owed on a loan and pursuant to a partnership agreement. Lenox Pines is a limited liability company set up as the investment entity for a trust established by the will of Dorsey Smith. David Smith, Dorsey Smith's son, and James Cline, Esquire, are co-trustees for this trust. David Smith is the managing member of Lenox Pines.

David Smith married Valerie Smith in 1995. In January 2004, David and Valerie Smith created Old National, with the assistance of Cline, in order to invest in 34 acres of land. Valerie Smith is the sole member of Old National and the only person authorized to sign on its bank account.

An operating agreement signed by the Smiths provided that David Smith was the general manager of Old National with "full, exclusive, and complete discretion, power, and authority, subject in all cases to the other provisions of this agreement and the requirements of applicable law, to manage, control, administer, and operate the business and affairs of the company . . . and to make all decisions affecting such business and affairs." The agreement also provided that "the timing and amount of all distributions shall be determined by the general manager," and that David Smith could not be removed as general manager until "[a]ll loans provided by Smith or any affiliate of Smith or any company managed by Smith shall be repaid in full." Finally, the agreement listed nine specific actions the general manager could *not* take "without the approval of the members." Settling a lawsuit or entering into a consent judgment on behalf of the corporation was not listed as an action requiring member approval. Valerie Smith admitted in her deposition that David Smith was the general manager of Old National and that she signed an operating agreement.

In January 2004, Lenox Pines loaned Old National over $1.4 million to purchase 34 acres of land. The Smiths disagree about the terms of repayment for this loan and whether it was repaid. David Smith contends a written agreement provided for five percent interest on the loan and a fifty percent partnership interest in all property acquired by Old National from the loan proceeds. According to David Smith, Old National breached this agreement. Valerie Smith denies the existence of this agreement.

In May 2006, property owned by Old National sold for a profit. In June 2006, Valerie Smith informed her husband that she wanted a

divorce.[2] According to David Smith, she later refused to fully repay the loan as well as 50 percent of Old National's real estate profits. Valerie Smith contends that Old National repaid the loan in full and denies that Old National owes any money to Lenox Pines under the partnership agreement.

Between May 2006 and October 2006, Valerie Smith made numerous withdrawals from Old National's bank account without David Smith's knowledge or consent as required by the operating agreement. One of these withdrawals, in the amount of $14,500, was used to pay off the loan on her daughter's car.

On November 6, 2006, Lenox Pines sued Old National and served its registered agent, Cline. David Smith testified that he took this action because his wife refused to sign checks to repay the loans and was withdrawing money from Old National's bank account without his approval as the general manager.

On November 9, 2006, Cline acknowledged service on behalf of Old National. It is undisputed that David Smith, Old National's general manager, was the only person Cline notified of the lawsuit. On the same day that Cline acknowledged service, David Smith, in his capacity as general manager of Old National, filed a confession of judgment on behalf of Old National in the amount of $1.198 million that was signed by the trial court on the same day. A few days later, Lenox Pines garnished Old National's bank account to satisfy the judgment.

On December 14, 2006, Old National, through counsel hired by Valerie Smith, moved to set aside the consent judgment on the grounds that it was procured by fraud and void on its face. Old National later asserted that the judgment should also be set aside because Valerie Smith did not receive notice of the lawsuit. After hearing argument, the trial court, without explanation, denied Old National's motion to set aside the judgment.

In its only enumeration of error, Old National asserts that the trial court should have set aside the consent judgment because the sole member of a limited liability corporation was not given notice of the lawsuit and did not approve the consent judgment. In support of its claim, Old National relies upon the Georgia Supreme Court's opinion in *Green v. Green*, 263 Ga. 551 (437 SE2d 457) (1993).

In *Green*, the Georgia Supreme Court reversed the trial court's denial of a motion to set aside a judgment when a pro se *party* in a divorce action, who resided in another state, did not receive actual notice of a trial calendar published in the legal organ for the county and failed to appear. 263 Ga. at 553 (2). One fact supporting the

---

[2] Based on the record before us, it appears that the Smiths are not yet divorced.

Georgia Supreme Court's decision to reverse was the "lengths to which appellee's counsel went to ensure that this case was tried in the absence of appellant." Id. at 555 (2).

We decline to extend the holding in *Green*, supra, to the facts before us. In *Green*, it was undisputed that the actual party to the litigation did not receive notice of the trial calendar. That is not the situation here. Old National is a limited liability corporation and a separate legal entity from its member, Valerie Smith. The record shows that its registered agent was served, that the registered agent provided the general manager with a copy of the lawsuit, and that the general manager had broad authority under the operating agreement "to manage, control, administer, and operate the business and affairs of the company." OCGA § 14-11-304 (b) expressly recognizes that managers designated in a written operating agreement "shall have such right and authority to manage the business and affairs of the limited liability company as is provided in . . . a written operating agreement."

Based on the facts and circumstances of this particular case, therefore, we cannot find that the trial court abused its discretion by refusing to set aside the consent judgment. Holding otherwise would undermine the foundation of the well-established law regarding corporate entities.

> The law of corporations is founded on the legal principle that each corporation is a separate entity, distinct and apart from its stockholders. We have long recognized that great caution should be exercised by the court in disregarding the corporate entity. And a member of a limited liability company similarly is considered separate from the company and is not a proper party to a proceeding by or against a limited liability company, solely by reason of being a member of the limited liability company, except in the case of actions by the member or derivative actions.

(Citations and punctuation omitted.) *Yukon Partners v. Lodge Keeper Group*, 258 Ga. App. 1, 5-6 (572 SE2d 647) (2002).

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED MARCH 25, 2008 —

*Carlton Fields, Catherine M. Salinas*, for appellant.
*Emory A. Schwall, Robert S. Wayne, Graydon W. Florence, Jr.*, for appellee.