**FIFTH DIVISION
PHIPPS, P. J.,
DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 3, 2016**

# In the Court of Appeals of Georgia

A16A0481. BROCK v. C & M MOTORS, INC.                    PE-021

PETERSON, Judge.

Yolanda Brock appeals the trial court's orders granting defendant C & M Motors, Inc. ("C & M")'s plea in abatement and awarding attorneys' fees to C & M. She argues that the trial court erred in (1) finding that she could not maintain her renewal action given the pendency of an action she filed previously; and (2) awarding $2,885 in attorneys' fees. Because the pendency of the original action was not a basis to dismiss Brock's claims, we reverse the trial court's order granting the plea in abatement. Because the award of fees appears to be based at least in part on that erroneous dismissal, we vacate the fee award.

Brock sued C & M in April 2012 ("the First Case"), alleging breach of contract, fraud, and other claims in connection with her purchase of a car from C &

M. C & M filed an answer that included a counterclaim for breach of contract against Brock, along with a request for admissions. Nearly two years later, on July 21, 2014, Brock filed a notice that she was dismissing her case without prejudice to refiling. Two days later, Brock filed a motion to "rescind" her dismissal of the case and reinstate her claims, explaining that she "mistakenly requested a dismissal without prejudice without realizing the existence of a counterclaim." On that same day, Brock filed a notice saying she had sent C & M responses to its request for admissions. On August 1, 2014, C & M made separate filings indicating that it (1) intended to proceed on its counterclaim notwithstanding the dismissal of Brock's claims and (2) objected to Brock's motion to rescind her dismissal. C & M posited that Brock had initially attempted to dismiss her suit in a (misguided) attempt to avoid the consequences of having failed to respond to C & M's request for admissions. After a hearing, the trial court denied Brock's motion to rescind her dismissal, saying Brock's failure to notice the existence of C & M's counterclaim was not a reason to grant her motion to rescind.

Brock then tried unsuccessfully to reinstate her suit through a new action. On January 21, 2015, Brock filed a renewal action ("the Second Case"), raising the same claims as in her original suit. C & M filed a plea in abatement, arguing that the case

should be terminated because it was duplicative of the First Case and prohibited by OCGA §§ 9-2-5 and 9-2-44. The trial court granted the motion. Brock filed a notice of appeal.

While this appeal was pending, C & M filed a motion seeking $2,885 in costs and attorneys' fees under OCGA § 9-15-14. C&M argued that Brock's claim of a right to file a renewal action lacked substantial justification and the filing of the duplicative action abused the litigation process. The trial court granted the motion. Brock filed an amended notice of appeal.

1. Brock argues that the trial court erred in dismissing her renewal action because (1) C & M failed to preserve its counterclaim; and (2) even if C & M preserved its counterclaim, OCGA § 9-2-61 does not prohibit the filing of a renewal action and, therefore, her renewal action is not subject to abatement under OCGA §§ 9-2-5 and 9-2-44. Assuming without deciding that C & M preserved its counterclaim,[1] we agree with Brock that her renewal action was not subject to abatement.

Consistent with the position taken by Brock in her appeal, the trial court held that under OCGA § 9-2-61, Brock was "entitled to file a renewal of her voluntarily

---

[1] Brock argues that C & M failed to preserve its counterclaim because it did not properly object to her voluntary dismissal of her suit and then contested her motion to rescind her dismissal.

dismissed action." Therefore, the question before us is whether the trial court nonetheless properly granted C & M's plea in abatement as filed under OCGA §§ 9-2-5 and 9-2-44. C & M's plea in abatement was akin to a motion to dismiss, and we review a trial court's ruling on a motion to dismiss under the de novo standard of review. *See Sadi Holdings, LLC v. Lib Props., Ltd.*, 293 Ga. App. 23, 24 (666 SE2d 446) (2008) (reviewing dismissal under prior pending action doctrine).

OCGA § 9-2-5(a) provides:

No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.

OCGA § 9-2-44(a) says:

A former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement. However, if the first action is so defective that no recovery can possibly be had, the pendency of a former action shall not abate the latter.

4

The two statutes "are closely related in effect and are to be considered and applied together." *Aiken Dermatology & Skin Cancer Clinic, P.A. v. Davlong Systems, Inc.*, 314 Ga. App. 699, 703 (2) (725 SE2d 835) (2012) (citation and punctuation omitted). "[T]he general rule under these provisions is that when there are two lawsuits involving the same cause of action and the same parties that were filed at different times but that both remain pending in Georgia courts, the later-filed suit must be dismissed." *Id.* (citation and punctuation omitted). The purpose of the rule "is to ensure judicial economy, to avoid inconsistent judgments, and to prevent harassment of the parties through multiple proceedings." *Jenkins v. Crea*, 289 Ga. App. 174, 176 (656 SE2d 849) (2008) (footnote omitted); *see also DOCO Credit Union v. Chambers*, 330 Ga. App. 633, 636 (1) (768 SE2d 808) (2015) (rule is "rooted in recognition of the fact that no one should be twice harassed, if it appears to the Court that it is for one and the same cause") (footnote, punctuation, and emphasis omitted).

It is not clear whether C & M bases its position that the Second Case was due to be abated on the fact that Brock brought identical claims in the First Case, on the fact that C & M's counterclaim remains pending in the First Case, or both. In pressing its plea in abatement, C & M emphasized both that the two cases involved "the same parties, the same transaction, the same claims, and the same issues for adjudication"

5

and that the First Action was still pending. After reciting the parties' arguments, the trial court noted that a counterclaim was pending in the First Case and concluded without further analysis that it was persuaded by C & M's arguments. But neither the identical nature of Brock's claims originally present in both cases nor the pendency of a counterclaim was cause for abatement here.

By its terms, OCGA § 9-2-5(a) precludes simultaneous prosecution of the same claims. Of course, Brock is not prosecuting the same claims simultaneously, given that she dismissed her claims in the First Case. OCGA § 9-2-44(a) refers to a "former recovery or the pendency of a former action for the same cause of action." The First Case cannot be said to have produced any "recovery" for Brock. And by the terms "pendency of a former action for the same claim," OCGA § 9-2-44(a) provides for abatement based on a claim that is still pending. The term "pendency" refers to "the state of being pendent or undecided; the state of an action . . . after it has been begun, and before the final disposition of it." Black's Law Dictionary 1134 (6th ed. 1990). That § 9-2-44(a)'s use of the term pendency refers to a claim that is still pending is confirmed by the use of the present tense in the second sentence of the subsection. *See* OCGA § 9-2-44(a) ("if the first action is so defective that no recovery can possibly be had, the pendency of a former action shall not abate the latter").

6

Clearly, Brock's claims cannot be said to be pending in the First Case. Although C & M makes much of the pendency of its counterclaim in the First Case, that claim is wholly different from Brock's claims in the Second Case, and the fact that the counterclaim remains pending does not change our analysis. The trial court erred in finding that Brock's claims in the Second Case were abated by the First Case, and we therefore reverse its ruling dismissing those claims.

2. Brock also appeals the trial court's award of attorneys' fees to C & M. Although the trial court did not specify its reasons for its award of fees, C & M's motion for fees clearly was predicated on the premise that, because of the pendency of the First Case, Brock was not entitled to file her claims in the Second Case as they were redundant. Given that the trial court's award of fees appears to be based at least in part on its erroneous dismissal, we vacate that award.

*Judgment reversed in part and vacated in part. Phipps, P. J., and Dillard, J., concur*.

7