**FIRST DIVISION**
**ANDREWS, J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 18, 2017**

# In the Court of Appeals of Georgia

A16A2098. OSKOUEI et al. v. ORTHOPAEDIC & SPINE SURGERY OF ATLANTA, LLC.

RAY, Judge.

This appeal stems from litigation between two physicians and various entities they control. Armin Oskouei, M. D. and Ortho Sport & Spine Physicians, LLC, filed an application for interlocutory appeal from a trial court's order dismissing their counterclaim against James L. Chappuis, M. D., Orthopaedic & Spine Surgery of Atlanta, LLC, and William T. Marlow. The motion to dismiss argued the existence of a prior pending action. The trial court dismissed the counterclaim pursuant to OCGA §§ 9-2-5 (a) and 9-11-12. For the reasons that follow, we reverse.

We review a trial court's ruling on a motion to dismiss de novo. See *Brock v. C & M Motors, Inc.*, 337 Ga. App. 288, 290 (1) (787 SE2d 259) (2016).

OCGA § 9-2-5 (a) provides:

No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.

The instant appeal turns on the pendency of two actions filed in the Superior Court of Fulton County at different times and involving some of the same parties. The first, *Ortho Sport & Spine Physicians Savannah LLC v. James Chappuis, M. D., Chappuis Properties, LLC, Orthopaedic & Spine Surgery Center of Atlanta, LLC, and Jordan Strudhoff*, No. 2015cv264010, was filed August 3, 2015 (hereinafter the "First Lawsuit"). The second, from which this appeal springs, was filed August 18, 2015, and is styled *Orthopaedic & Spine Surgery of Atlanta, LLC, William T. Marlow and James L. Chappuis, M. D. v. Armin Oskouei, M. D. and Ortho Sport & Spine Physicians, LLC*, No. 2015cv264703 (hereinafter the "Second Lawsuit"). On October 5, 2015, Oskouei and Ortho Atlanta filed their verified answer and counterclaim to the Second Lawsuit. The parties agree that Ortho Sport & Spine Physicians Savannah LLC (hereinafter "Ortho Savannah"), which is a plaintiff in the First Lawsuit, is a

2

separate and distinct legal entity from Atlanta-based Ortho Sport & Spine Physicians, LLC (hereinafter "Ortho Atlanta"), which is a counter-claimant in the Second Lawsuit, although both entities are owned by Oskouei. [1]

Chappuis and the other parties with which he is associated successfully argued that this counterclaim should be dismissed, contending that the claims raised by Ortho Savannah in the First Lawsuit and the counterclaim filed by Oskouei and his other company, Ortho Atlanta, in the Second Lawsuit were virtually identical. While the claims are similar, to merit dismissal under OCGA § 9-2-5 (a), not only must the causes of action be the same, but also the parties also must be the same. See *Creel v. Welker & Assocs., Inc.*, 174 Ga. App. 877, 877 (332 SE2d 5) (1985). The appellants argue that the trial court erred in dismissing the case because the parties in the First and Second Lawsuits are "distinct and independent."

As an initial matter, appellees Chappuis and his company, Orthopaedic & Spine Surgery Center of Atlanta, LLC, function as defendants in the First Lawsuit and also must defend against Oskouei and Ortho Atlanta's counterclaim in the Second

---

[1] See *Kensington Partners, LLC v. Beal Bank Nevada*, 311 Ga. App. 196, 196-197 (1) (715 SE2d 491) (2011) (a party may make binding factual admissions in judicio in its pleadings, motions, and brief).

Lawsuit.[2] However, the parties that function as plaintiffs in the First Lawsuit and, for purposes of the counterclaim, in the Second Lawsuit are not identical.

Despite a confusing similarity between the names of the various medical entities at issue, as noted above, both sides agree that the entity functioning as the plaintiff in the First Lawsuit (Ortho Savannah) and the entities functioning as plaintiffs in the counterclaim in the Second Lawsuit (Oskouei and Ortho Atlanta) are, in fact, separate and distinct. Specifically, while Oskouei is a party in the Second Lawsuit, he is not a party at all in the First Lawsuit. Oskouei is considered a separate entity from his companies, Ortho Savannah and Ortho Atlanta. See generally *Old Nat. Villages LLC v. Lenox Pines, LLC*, 290 Ga. App. 517, 520 (659 SE2d 891) (2008) ("[A] member of a limited liability company . . . is considered separate from the company and is not a proper party to a proceeding by or against a limited liability company, solely by reason of being a member of the limited liability company") (citation omitted.); *Miller v. Steelmaster Material Handling Corp.*, 223 Ga. App. 532, 532-534 (1) (478 SE2d 601) (1996) (finding that president/sole stockholder and his

---

[2] See *McLain Bldg. Materials, Inc. v. Hicks*, 205 Ga. App. 767, 769 (1) (423 SE2d 681) (1992) (although parties may occupy opposite roles as plaintiffs and defendants between the two suits at issue, their status must be viewed in relation to the duplicative cause of action; therefore, a counterclaim may provide this identity of status).

company were separate entities for the purpose of application of OCGA § 9-2-5 (a), and that any judgment gained against president in suit to which company was not a party would not be enforceable against company).

Oskouei's company, Ortho Atlanta, is a party in the Second Lawsuit, but it also is not a party to the First Lawsuit, which involves a different Oskouei company, Ortho Savannah.

"Georgia law clearly establishes that *a plaintiff* may not prosecute two actions in the courts at the same time for the same cause of action against the same party[.]" *Steve A. Martin Agency, Inc. v. PlantersFIRST Corp*., 297 Ga. App. 780, 781 (1) (678 SE2d 186) (2009) (emphasis supplied). However, we find no prohibition against *different plaintiffs*, as exist in the two lawsuits at issue here and as acknowledged by both sides, pursuing similar causes of action against defendants who are the same. Compare *Creel*, supra at 877 (affirming dismissal under OCGA § 9-2-5 (a) where the plaintiffs, albeit in different configurations, were pursuing similar causes of action against the same defendants). As such, we agree that the trial court erred in dismissing the counterclaim.

Appellees do not on appeal argue that the claims against them were filed by the same plaintiffs. Rather, they contend that we should affirm the trial court's dismissal

5

under the right for any reason rule because Ortho Atlanta allegedly is not a real party in interest with respect to appellants' counterclaim and because Oskouei lacks standing to assert claims for alleged injuries to Ortho Savannah. However, Appellees raised neither of these points below, nor did the trial court rule upon them, and we will not do so in the first instance. Even in the context of de novo review, this Court does not apply the right for any reason rule to uphold a decision of the trial court based on a ground not raised below. See *Hobbs v. Great Expressions Dental Centers of Ga., P. C.*, 337 Ga. App. 248, 249, n. 2 (786 SE2d 897) (2016).

*Judgment reversed. Andrews, and McMillian, JJ., concur*.