**FIFTH DIVISION
McFADDEN, P. J.,
RAY, and SELF, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 14, 2018**

# In the Court of Appeals of Georgia

A17A1902. DOCTORS HOSPITAL OF AUGUSTA, LLC v. SE-009 GEORGIA DEPARTMENT OF COMMUNITY HEALTH, et al.

SELF, Judge.

Doctors Hospital of Augusta, LLC appeals from a superior court's order dismissing its petition for judicial review challenging the Georgia Department of Community Health's decision to grant a Certificate of Need ("CON") to MCG Health, Inc. d/b/a Georgia Regents Medical Center ("Georgia Regents").[1] Doctors Hospital asserts that the trial court erred for numerous alternative reasons when it relied upon the prior pending action doctrine to dismiss its case. For the reasons explained below, we reverse.

---

[1] The CON granted Georgia Regents the right to establish a new general acute care hospital in Columbia County, Georgia.

We conduct a de novo review of a trial court's order dismissing a case based upon the prior pending action doctrine. *Brock v. C & M Motors*, 337 Ga. App. 288, 290 (1) (787 SE2d 259) (2016). Two portions of the Civil Practice Act are implicated in this doctrine that "are closely related in effect and are to be considered and applied together." (Citation and punctuation omitted.) Id. OCGA § 9-2-5 (a) provides:

> No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.

OCGA § 9-2-44 (a) states:

> A former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement. However, if the first action is so defective that no recovery can possibly be had, the pendency of a former action shall not abate the latter.

The purpose of the doctrine embodied in these statutes "is to ensure judicial economy, to avoid inconsistent judgments, and to prevent harassment of the parties through multiple proceedings." (Citations and punctuation omitted.) *Brock*, 337 Ga. App. at

2

290 (1). But it can only be applied where the causes of action and the parties are the same. *Oskouei v. Orthopaedic & Spine Surgery of Atlanta*, 340 Ga. App. 67, 69 (796 SE2d 299) (2017). Additionally, the rule does not apply "[i]f it appears from the face of the pleadings in the first-filed case that the court therein does not have jurisdiction to resolve the pending claims on the merits, then the . . . later-filed suit may proceed forward." (Citations omitted.) *Bhindi Brothers v. Patel*, 275 Ga. App. 143, 146 (619 SE2d 814) (2005). With these principles in mind, we turn to the procedural history of this case.

On November 26, 2014, the Department of Community Health granted a CON to Georgia Regents. Doctors Hospital, which had applied and competed for the same CON, appealed the grant of the CON to the CON Appeal Panel.

On May 1, 2015, before the appeal panel could conduct a de novo evidentiary hearing, Doctors Hospital and two physicians practice groups filed a petition in Fulton County Superior Court seeking: (1) a declaratory judgment that a "county-financed exception" regulation created by the Department of Community Health was invalid; and (2) a writ of mandamus compelling the Commissioner of the Department of Community Health to deny Georgia Regent's CON application. The petition states that Doctors Hospital had appealed the grant of the CON and that an administrative

hearing was scheduled to begin on June 22, 2015. In the mandamus portion of the petition, Doctors Hospital alleged that "[t]he administrative review does not provide an equally convenient, complete and beneficial relief to Doctors Hospital, as it cannot consider the impact on Doctors Hospital as a property owner in Columbia County."

On June 10, 2015, the Department of Community Health and its Commissioner moved to dismiss the petition based upon a lack of subject matter jurisdiction, arguing in their supporting briefs that the superior court lacked subject matter jurisdiction because no exception to the administrative exhaustion requirement, a condition precedent to suit, applied. They submitted no evidence in support of their legal argument that a declaratory judgment action was improper while administrative proceedings were in progress, and asserted that if "Doctors Hospital is aggrieved by the administrative decision, it may petition for judicial review."

On September 21, 2015, the superior court heard oral argument on the motion to dismiss. On October 13, 2015, the superior court dismissed the declaratory judgment action because it lacked subject matter jurisdiction based upon Doctors Hospital's failure to exhaust its administrative remedies and its lack of standing. On November 12, 2015, Doctors Hospital filed a notice of direct appeal. This Court dismissed the appeal on June 15, 2016, based upon Doctors Hospital's failure to

4

follow the discretionary appeal procedures, and the Supreme Court denied Doctors Hospital's petition for a writ of certiorari on February 27, 2017.

Before the superior court entered its ruling on the motion to dismiss the declaratory judgment action, the hearing officer in the administrative action issued a decision on September 24, 2015, upholding the grant of a CON to Georgia Regents. On November 23, 2015, the Department of Community Health adopted the findings of the hearing officer and issued a final decision awarding the CON to Georgia Regents.

On December 23, 2015, Doctor's Hospital filed a second action in superior court – a petition for judicial review of the final agency decision granting the CON. In its enumerations of errors, it raised the same objections to the county-financed exception it had raised in the declaratory judgment action, but also asserted that the final decision was arbitrary and capricious, contained legal errors regarding existing alternatives criteria, and misapplied regulatory text in the joinder considerations.

In January 2016, less than one month after the petition for judicial review had been filed, Georgia Regents and the Department of Community Health moved to dismiss the petition for judicial review of the agency decision based upon the prior

pending action doctrine.[2] On March 21, 2016, the superior court held a hearing on the motion to dismiss and took the issue under advisement. On April 13, 2016, it signed an order granting the motion to dismiss that was prepared by counsel for Georgia Regents and the Department of Community Health.

1. In our view, the trial court erred by finding that "the two pending actions involve the same cause of action." The stated rationale for this conclusion was that the "primary and threshold argument" in the instant case is the invalidity of the county-financed exception, and the declaratory judgment action was "premised" upon the same argument. As Doctors Hospital points out in this appeal, its petition for judicial review of the final agency decision raised additional substantive issues that could not have been brought in the declaratory judgment action until after the final agency decision was issued. In *Intl. Telecommunications Exchange Corp. v. MCI Telecommunications Corp.*, 214 Ga. App. 416 (448 SE2d 71) (1994), we held that a prior action did not bar a subsequent action for indemnity that "did not accrue and could not have been asserted" until after the first action had been filed, because "[a]lthough there are common issues in each action, the cause of action is not the

---

[2] At the time the motion to dismiss was filed, Doctors Hospital's notice of appeal to this Court from the dismissal of its declaratory judgment action was still pending.

6

same." Id. at 417. See also *Scott v. Rakestraw*, 252 Ga. App. 408, 409 (1) (556 SE2d 491) (2001) (same). As Doctors Hospital's additional claims in this case were not brought and could not have been brought in its declaratory judgment action, the trial court erred by dismissing this case.[3]

2. We find no merit in Georgia Regents' alternative argument that the trial court's decision to dismiss Doctors Hospital's petition for judicial review, as opposed to considering the merits, renders the final agency decision affirmed by operation of law pursuant to OCGA § 31-6-44.1 (b). This Code section provides:

> In the event a party seeks judicial review, the department shall, within 30 days of the filing of the notice of appeal with the superior court, transmit certified copies of all documents and papers in its file together with a transcript of the testimony taken and its findings of fact and decision to the clerk of the superior court to which the case has been appealed. The case so appealed may then be brought by either party upon ten days' written notice to the other before the superior court for a hearing upon such record, subject to an assignment of the case for hearing by the court; provided, however, if the court does not hear the case within 120 days of the date of docketing in the superior court, the decision of the department shall be considered affirmed by operation of

---

[3] As this ground independently warrants a reversal of the trial court's order dismissing this case, we need not address Doctors Hospital's additional arguments for a reversal.

7

law unless a hearing originally scheduled to be heard within the 120 days has been continued to a date certain by order of the court. In the event a hearing is held later than 90 days after the date of docketing in the superior court because same has been continued to a date certain by order of the court, the decision of the department shall be considered affirmed by operation of law if no order of the court disposing of the issues on appeal has been entered within 30 days after the date of the continued hearing. If a case is heard within 120 days from the date of docketing in the superior court, the decision of the department shall be considered affirmed by operation of law if no order of the court dispositive of the issues on appeal has been entered within 30 days of the date of the hearing.

Georgia Regents asserts that the agency's decision stands affirmed by operation of law because the trial court did not hold a "hearing upon the record" and failed to issue an order "dispositive of the issues on appeal" within the required time frame. (Emphasis omitted.)

The record shows that the trial court held a hearing on the Department of Community Health and Georgia Regents' motion to dismiss within 120 days and its order granting the motion to dismiss was entered less than 30 days later. In our view, the trial court's hearing on the motion to dismiss and its dismissal order fulfilled the requirements of OCGA § 31-6-44.1 (b). "To find otherwise would be to allow the

party who has induced the alleged statutory noncompliance to profit from it and would be to exalt the need for speedy disposition over fair treatment of the parties and the policy of reaching the merits of a controversy." (Citation and punctuation omitted.) *Action Staffing v. Spalding Ford-Lincoln-Mercury*, 198 Ga. App. 764, 767 (1) (403 SE2d 61) (1991) (applying comparable provision in worker's compensation statute).

Accordingly, we reverse the trial court's order dismissing Doctors Hospital's petition for judicial review of the final agency decision.

*Judgment reversed. McFadden, P. J., and Ray, J., concur*.