**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 29, 2018**

# In the Court of Appeals of Georgia

A18A1239.  BRIXMOR/IA  NORTHEAST  PLAZA  LLC.  v.
   SUBLET ATLANTA REALTY.

BARNES, Presiding Judge.

Brixmor/IA Northeast Plaza, LLC appeals from the superior court's order dismissing its pending action for an intruder warrant against Sublet Atlanta Realty, LLC d/b/a Lava Spa (hereinafter "Sublet"). Brixmor asserts that the superior court erred when it relied on a prior pending action in magistrate court to dismiss the intruder warrant action. Following our review, and finding that dismissal was not warranted under the prior pending action doctrine, we reverse.

We conduct a de novo review of a superior court's order dismissing a case based upon the prior pending action doctrine. *Brock v. C & M Motors*, 337 Ga. App. 288, 290 (1) (787 SE2d 259) (2016). OCGA § 9-2-5 (a) provides:

> No plaintiff may prosecute two actions in the courts at the same time for the same cause of action and against the same party. If two such actions are commenced simultaneously, the defendant may require the plaintiff to elect which he will prosecute. If two such actions are commenced at different times, the pendency of the former shall be a good defense to the latter.

Similarly, pursuant to OCGA § 9-2-44 (a):

> A former recovery or the pendency of a former action for the same cause of action between the same parties in the same or any other court having jurisdiction shall be a good cause of abatement.

The doctrines embodied in the two statues "are closely related in effect and are to be considered and applied together." (Citation and punctuation omitted.) *Brock*, 337 Ga. App. at 290 (1). The purpose of these statutes "is to ensure judicial economy, to avoid inconsistent judgments, and to prevent harassment of the parties through multiple proceedings." (Citations and punctuation omitted.) Id.

Here, the record demonstrates that on November 28, 2017, Sublet filed a breach of contract claim in magistrate court asserting that Brixmor was attempting to

2

illegally evict it from its business premises despite a three year lease agreement with Brixmor. Subsequently, on December 1, 2017, Brixmor filed an affidavit for an intruder warrant in superior court asserting that Sublet was an intruder on the leased premises and demanding possession of the premises. In its subsequently filed counter-affidavit opposing issuance of the intruder warrant, Sublet asserted that it was not an intruder and that it possessed a valid lease. It further argued that the issues should be "settle[d]. . . in court," and that there was a pending lawsuit for breach of contract. The counter-affidavit filed in superior court and statement of contract claim filed in magistrate court were signed by Sublet's registered agent and manager.

Thereafter, Brixmor filed a motion for expedited hearing on the intruder warrant in superior court, and in a responsive motion to dismiss the motion for an expedited hearing, Sublet argued, among other things, that there was a pending action for breach of contract in magistrate court and that it "was the first party to file in court." The motion was also signed by its registered agent. Brixmor then filed a motion to strike Sublet's motion to dismiss, and among its arguments, cited that fact that the registered agent, as a non-attorney, could not represent a corporate entity. On December 12, 2017, the superior court entered a order dismissing the intruder warrant because the "dispute. . . is the subject of a pending action . . . in Magistrate Court

involving the same parties and the same subject matter." Following the denial of its motion for reconsideration, Brixmor appeals the dismissal.

1. An action brought under OCGA § 44-11-30 for an intruder's warrant "is a summary action to eject intruders. The sole question in such a case is whether or not the defendant in good faith claims the right to occupy the premises in question." *Krasner v. Crosswell*, 80 Ga. App. 134, 135 (55 SE2d 381) (1949). Under the procedure prescribed in OCGA § 44-11-30, a plaintiff may bring an action to eject an intruder onto land by making an affidavit attesting to her good-faith right of possession. Id. If the defendant then submits a counter-affidavit asserting his own good-faith right, "the sheriff shall not turn [the defendant] out of possession[,] but shall leave both parties in their respective positions . . . [and] shall return both affidavits to the office of the clerk of the *superior court of the county* in which the land is located for a *trial of the issue before a jury*." (Emphasis supplied.) OCGA § 44-11-32. "[T]his language [of OCGA § 44-11-32] strongly indicates that the superior court shall have exclusive jurisdiction of proceedings to eject intruders (especially as there can be no trial by jury in civil cases in the [magistrate] court)[.]" *Chambliss v. Hawkins*, 123 Ga. 361, 364 (51 SE 337) (1905). See *Allison v. Hodo*, 84 Ga. App. 790, 791 (67 SE2d 606) (1951) (when proceeding against intruders, "[the property

4

owner] must resort to the judicial manner prescribed in [OCGA § 44-11-32] in ejecting the alleged intruders," otherwise, "if [the property owner], without regard for [OCGA § 44-11-32] forcibly ejects the alleged intruders, [the property owner] can be held liable for any damages arising out of such wrongful ouster.").

Here, the superior court erred in finding that the "later-filed action [seeking an intruder warrant] must be abated according to [OCGA § 9-2-44]." Clearly, per the explicit language of OCGA § 44-11-32, the instant case on the intruder warrant could not have been brought in magistrate court, and the prior pending action doctrine does not apply "[i]f it appears from the face of the pleadings in the first-filed case that the court therein does not have jurisdiction to resolve the pending claims on the merits, then the . . . later-filed suit may proceed forward." *Bhindi Brothers v. Patel*, 275 Ga. App. 143, 146 (619 SE2d 814) (2005).

2. In light of our decision in Division 1, we need not address whether, as Brixmor asserts, the superior court erred in finding that the action involved the same parties and cause of action or whether Sublet's agent as a non-attorney could file pleadings in the court on the company's behalf.

Accordingly, we reverse the superior court's order dismissing Brixmor's action for an intruder warrant.

*Judgment reversed. McMillian and Reese, JJ., concur.*